**FILED**

DEC 1 3 2007   NF

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

**UNITED STATES DISTRICT COURT FOR THE**
**NOTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| KATHLEEN WILLIAMS, ) | 07CV 6997 |
| ) | JUDGE LINDBERG |
| ) | MAGISTRATE JUDGE SCHENKIER |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| BOARD OF EDUCATION OF THE CITY ) | PLAINTIFF DEMANDS |
| OF CHICAGO and CHRISTINE MUNNS, ) | TRIAL BY JURY |
| INDIVIDUALLY AND AS AN AGENT ) | |
| OF THE DEFENDANT BOARD ) | |
| ) | |
| Defendants. ) | |

## COMPLAINT

Plaintiff, KATHLEEN WILLIAMS, by the undersigned attorneys, complains as follows concerning Defendants BOARD OF EDUCATION OF THE CITY OF CHICAGO (BOARD), and CHRISTINE MUNNS (MUNNS):

## PARTIES

1.   Plaintiff, KATHLEEN WILLIAMS ("Ms. Williams"), is a resident of the Northern District of Illinois, holds a Type 04 elementary education teaching certificate and is certified as a Special Education teacher by the State of Illinois. Ms. Williams had been employed continuously by Defendant Board of Education of the City of Chicago ("BOARD") since January, 2003.

2.   Defendant BOARD is a body politic and corporate, organized under the Illinois School Code, 108 ILCS 5/34-1 and located in the County of Cook, State of Illinois.

1

3.   Defendant CHRISTINE MUNNS ("Ms. Munns"), in her individual capacity, is an employee of the Board, has an office in and does business in Cook County, State of Illinois.

## JURISDICTION AND VENUE

4.   This is an action for damages seeking to enforce rights secured by Title VII of the Civil Rights Act of 1964, 42 U.S.C.S. Sec. 2000e *et seq*, by Section 1983 of the Civil Rights Act, 42 U.S.C § 1983 and by the 5th and 14th Amendments to the United States Constitution.    Jurisdiction is conferred upon this Court by 28 U.S.C.S. §1331, §1343 and 42 U.S.C §1983.   Supplemental jurisdiction is conferred upon this Court by 28 U.S.C.S § 1367.  Supplemental jurisdiction, over Count V, a state law claim for tortious interference with contract, is appropriate because the state law claims is based upon same nucleus of operative facts as Count I-IV and because exercise of pendent jurisdiction would further judicial economy and the ends of justice.

5.   Venue is proper within this district and division pursuant to 28 U.S.C.S. 1391, in that the plaintiff resides, and the defendants reside, have offices and do business in the Northern District of Illinois, Eastern Division, in Cook County, Illinois; and the cause of action arose here.

## FACTS

6.   Ms. Williams first began working for the Board, as a substitute teacher, at Sauganash Elementary School, which is operated by the Board, during the 2002 school year.

7.   Ms. Williams was employed during the 2003 Spring Term, at Sauganash, as a Full-Time Substitute, working in the Special Education Department.   She possessed a Special Education certificate.

2

8.  Ms. Williams worked at Sauganash during the 2003-2004 Spring Semester, as a student teacher. She received an exemplary rating on her midterm evaluation. In this evaluation, Ms. Williams' supervisor, Ms. Abad, stated that Ms. Williams was a "dedicated and reliable student teacher." A true and correct copy of the evaluation is attached as Exhibit A.

9.  Ms. Williams was hired at Sauganash as a full-time, third-grade teacher, for the 2004-2005 school year. She received a "Superior" rating from Ms. Christine Munns, her principal, on her 2004-2005 school year evaluation. In this evaluation, Ms. Munns wrote that Ms. Williams did an "Excellent job for first year teacher" and that she was "a pleasure to work with." A true and correct copy of the evaluation is attached as Exhibit B.

10. Ms. Williams was also employed at Sauganash, during the 2005-2006 school year, as a second-grade teacher. She did not receive a copy of a formal evaluation that year, in contravention of the Illinois School Code, 105 ILCS 5/24A-8. A true and correct copy of the provision is attached as Exhibit C.

11. In addition to her consistent "Superior" ratings on performance evaluations, Ms. Williams far exceeded the expectations of her job by undertaking additional responsibilities, including, but not limited to:

    a.  Working as an after-school remedial reading and math teacher;

    b.  Volunteering at Literacy Nights;

    c.  Attending Professional Development seminars; and

    d.  Drafting a letter to parents that explained the expectations for the ISAT.

12. On or about February 23, 2006, Ms. Williams informed Ms. Munns that she would need a

3

maternity leave in the upcoming fall, and that she was giving Ms. Munns advance notice so that Ms. Munns could find a substitute teacher until her planned return on October 10, 2006, approximately five weeks after the start of the school year.

13. During the February 23, 2006 discussion, Ms. Munns stated that Ms. Williams would be able to take the entire year off and still have a job at Sauganash for the 2007-2008 school year. Ms. Munns also asked what Ms. Williams' husband did, and commented that his profession paid well. She also stated that Ms. Williams would not want to return to work so soon after having a baby.

14. On best information and belief, no more than three weeks after the February 23, 2006 discussion, Ms. Munns decided not to renew Ms. Williams' contract.

15. Shortly thereafter, Ms. Munns began to evaluate Ms. Williams. On or about March 22, 2006, Ms. Munns conducted a classroom observation and informal evaluation of Ms. Williams. On or about April 27, 2006, Ms. Munns reviewed the informal evaluation with Ms. Williams. The evaluation was very positive, with Ms. Munns praising Ms. Williams' classroom performance.

16. On or about April 28, 2006, Ms. Munns conducted Ms. Williams' formal evaluation. Ms. Munns verbally rated Ms. Williams' performance as "Superior." In the classroom teacher visitation form, which Ms. Munns was required to fill out after having observed Ms. Williams, Ms. Munns reported that, out of thirty-three factors covering instruction, school environment and other classroom aspects, Ms. Williams was strong in thirty-one of the thirty-three. In contravention of Chicago Public Schools procedure, Ms. Munns did not memorialize the verbal evaluation, or place it, in the Plaintiff's file. Instead, she placed a different evaluation in her file, which Ms. Williams neither saw nor signed. This

4

purported evaluation, in which Ms. Williams was given a "No Rating," was false, pretextual and discriminatory. The evaluation was entered on May 24, 2006. A true and correct copy of the evaluation is attached as Exhibit D.

17.    On or about the afternoon of April 28, 2006, Ms. Munns called Ms. Williams to a meeting in her office, during which Ms. Munns read a letter from the Board stating that Ms. Williams' contract would not be renewed for the upcoming school year. She refused to offer reasons for the decision. She stated, "Unfortunately, you didn't tell me you were pregnant until February, and I put your dismissal in during the month of January."

18.    Ms. Munns' statement was false. On best information and belief, she had entered the dismissal in March, shortly after she had been informed about Ms. Williams' pregnancy. As a reason for the non-renewal, Ms. Munns wrote only "Deficiencies with Communication (Parent Conference Skills; Relations with Staff.)" The non-renewal letter was dated March 17, 2006, and the above-stated reason was filled in on a form. A true and correct copy of the non-renewal is attached as Exhibit E.

19.    On or about May 3, 2006, Ms. Munns falsely told Ms. Williams that the Board had prevented her from reversing the dismissal.

20.    On or about May 8, 2006, Ms. Munns falsely told Ms. Williams that she had entered the decision on February 17, 2006, contradicting her own, earlier, statement, that she had entered the decision in January.

21.    On best information and belief, at the time of the non-renewal decision, six other PATs were rehired and two, including Ms. Williams, were not.

22.    On best information and belief, the two PATs who were not renewed, were both pregnant. On best information and belief, Ms. Munns wanted to have male teachers at

her school. Later, the other PAT who was not renewed, was reinstated because she had, in fact, achieved tenure when Ms. Munns attempted to not renew her contract.

## THE EEOC CHARGE, DOCTOR PRESCRIBED BED REST AND THE RESULTING RETALIATION

23. On or about May 12, 2006, Ms. Williams filed a charge of discrimination with the EEOC, a copy of which is attached as Exhibit E.

24. On or about May 12, Ms. Williams became ill and informed Ms. Munns that she would not be able to attend class that day.

25. On May 17, 2006, on the advice of her doctor that she go on enforced bed rest in order to ensure the continued viability of her pregnancy, Ms. Williams took the medical leave to which she was contractually entitled.

26. Soon thereafter, Ms. Williams began receiving harassing phone calls and emails from Melissa Raich, the Sauganash assistant principal, who falsely accused Ms. Williams of "missing grades," "missing book order forms" and "missing keys."

27. Although she was eligible to be rehired, Ms. Williams was replaced in her position, by a non-pregnant teacher. Ms. Williams possessed a Type 04 elementary education teaching certificate and was also certified as a Special Education teacher. The teacher who replaced her lacked the Special Education certification.

## INCONSISTENT STATEMENTS REGARDING MS. WILLIAMS' DISMISSAL

28. On or about June 2, 2006, Ms. Williams filed a grievance with the Board, alleging that her dismissal was the result of intentional discrimination based upon her pregnancy.

29. A first-level grievance hearing was held on June 12, 2006, during which Ms. Munns made false and contradictory statements as to when she had entered the decision to

dismiss Ms. Williams.

30.  After the hearing, Ms. Munns called Ms. Williams and her union representative into her office. Ms. Munns then admitted that she had actually entered the decision on March 14, 2006. She additionally stated that she had made the decision based on Ms. Williams' medical leave. This latter statement was false. Plaintiff's medical leave did not begin until May 17, 2006.

31.  During the March 14, 2006 meeting, Ms. Munns suddenly claimed, for the first time, that she had also based her decision on alleged performance deficiencies. Ms. Munns' accusation of performance deficiencies was false, pretextual, discriminatory and retaliatory.

32.  On or about September 7, 2007, the EEOC issued a determination that the Defendants' failure to rehire Ms. Williams was based upon her sex and pregnancy.

33.  On September 19, 2007, Ms. Williams received her "Right to Sue" letter from the EEOC. In the letter, the EEOC informed Ms. Williams that it had found reasonable cause to believe that the Defendants had violated the statute with respect to some or all of the matters alleged in the charge. A true and correct copy of this letter is attached as Exhibit F.

## COUNT I
## VIOLATION OF TITLE VII

34.  Count I of this complaint is brought against the Board and arises under Title VII of the Civil Rights Act of 1964, 42 U.S.C. Sec. 2000e *et seq.* The Board and its agent, Ms. Munns, acted with malice and/or reckless indifference to Ms. Williams, resulting in a deprivation of her civil rights and in reputational injury and pain and suffering by Ms.

Williams

35.  Shortly after Ms. Williams gave notice, as a courtesy, of her maternity leave, Ms. Munns decided not to renew her.

36.  The Defendant Board failed to rehire Ms. Williams to a permanent position

37.  To obfuscate her discriminatory and unlawful motives for the dismissal, Ms. Munns has offered false and self-contradictory statements as to when and how she decided not to renew Ms. Williams's contract.

38.  Defendants' accusations of performance deficiencies were false.  The criticisms of Plaintiff's admittedly superior performance were false, and are pretexts for discrimination.

39.  Defendants refused to rehire Ms. Williams, despite her repeated requests, despite her excellent credentials, including a Special Education certificate (a field with frequent vacancies) and despite repeated, and false, assurances by Ms. Munns that she would attempt to have Ms. Williams rehired.

40.  By depriving Ms. Williams of her rights to equal protection and treating non-pregnant teachers differently, the Defendant's violated the Plaintiff's rights under Title VII.

41.  The aforesaid acts and conduct are in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. Sec. 2000e *et seq*.

42.  There is no adequate remedy at law.

**Wherefore**, Plaintiff, Ms. Williams prays that this Court enters an order:

    A.  Finding and adjudicating that the Board and its agent, Ms. Munns, have violated Title VII of the Civil Rights Act of 1964, 42 U.S.C. Sec. 2000e *et seq*, and are therefore liable to Ms. Williams for all injuries suffered as a result of their

unlawful acts and conduct in not renewing her employment due to her protected status as a pregnant female;

B.    Reinstating Ms. Williams to her former position with full backpay and frontpay;

C.    Permanently restraining and enjoining the Board from continuing such unlawful acts and conduct, and from committing any future acts or conduct that subject Ms. Williams to such unlawful acts and conduct;

D.    Awarding Ms. Williams compensatory damages, including without limitation, compensation for mental and emotional distress, as the proof shall establish and as the Court shall determine to be just and proper in the premises;

E.    Awarding Ms. Williams, in addition to such compensatory damages, punitive damages in such amount as the Court determines to be necessary and appropriate, to punish past violations the Board and Ms. Munns, and to deter future violations.

F.    Instructing the Board to expunge Ms. Williams' file of all retaliatory paperwork and evaluations.

G.    Awarding Ms. Williams her reasonable attorneys' fees and expenses of suit pursuant to 42 U.S.C. § 2000e-5(k), 42 U.S.C. § 1988; and

H.    Granting Ms. Williams such other and further relief as the Court deems just and equitable in the premises.

## COUNT II
## TITLE VII RETALIATION

43.    Ms. Williams restates and realleges paragraphs 33-42 of Count I as though fully set forth herein.

44.    Title VII prohibits an employer from taking action against an employee because she has

opposed any practice made unlawful under the Act, or because she has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing. U.S.C. Sec. 2000e-3(a).

45.   On or about March 17, 2006, Ms. Munns surreptitiously placed a false evaluation in Ms. Williams' file, as a pretext for not renewing her employment.

46.   On or about May 12, 2006, Ms. Williams filed a charge of discrimination, EEOC Charge No. 440-2006-03980. She amended this charge on June 28, 2007. Due to Plaintiff's efforts to redress the unlawful discrimination and retaliation by filing her charge with the EEOC and by using the grievance process under the Collective Bargaining Agreement of the Chicago Public Schools, the Board has failed to rehire Ms. Williams.

47.   On or about June 1, 2006, Ms. Williams filed a first-level grievance with the Board, alleging, *inter alia*, unlawful discrimination due to her pregnancy. She appealed the initial decision on her grievance on June 20, 2006. The Board failed to address her concerns and, moreover, allowed Ms. Munns to retaliate against her in response.

48.   The Defendant Board has failed and refused to rehire Ms. Williams, despite her excellent credentials, including her Special Education certificate.

49.   The aforesaid acts and conduct violate Title VII of the Civil Rights Act of 1964, 42 U.S.C. Sec. 2000e *et seq*.

50.   There is no adequate remedy at law.

**Wherefore**, Plaintiff, prays that this Court enters its order:

A.   Finding and adjudicating that the Board and its agent, Ms. Munns, have violated Title VII of the Civil Rights Act of 1964, 42 U.S.C. Sec. 2000e *et seq*, and are therefore liable to Ms. Williams for all injuries suffered as a result of their

10

unlawful acts and conduct;

B. Reinstating Ms. Williams to her former position with all appropriate backpay and frontpay.

C. Permanently restraining and enjoining the Board from continuing such unlawful acts and conduct, and from committing any future acts or conduct that subjects Ms. Williams, or causes her to be subjected, to any deprivation of any right;

D. Awarding Ms. Williams compensatory damages, including without limitation compensation for mental and emotional distress, and reputational injury, in such amount as the proof shall establish and as the Court shall determine to be just and proper in the premises;

E. Awarding Ms. Williams, in addition to such compensatory damages, punitive damages in such amount as the Court determines to be necessary and appropriate, to punish past violations by the Board and Ms. Munns, and to deter future violations.

F. Instructing the Board to expunge Ms. Williams' file of all retaliatory paperwork and evaluations.

G. Awarding Ms. Williams her reasonable attorneys' fees and expenses of suit; and

H. Granting Ms. Williams such other and further relief as the Court deem equitable in the premises.

## COUNT III
## VIOLATION OF 42 U.S.C. SEC. 1983 (DEPRIVATION OF EQUAL PROTECTION)

51. Plaintiff repeats and realleges and incorporates by reference the allegations in paragraphs 1 through 50 above with the same force and effect as if herein set forth.

52.    At all relevant times herein, Plaintiff had a right under the equal protection clauses of the state and federal constitutions not to be subjected to discriminatory conduct based upon her gender.

53.    At all times relevant herein, the defendants were state actors and their conduct was subject to 42 U.S.C. sec. 1983.

54.    On best information and belief, Defendants treated pregnant females less favorably than they treated males and non-pregnant females, by either not renewing their contracts or by replacing them with non-pregnant females and men.

55.    Defendants decided not to renew Ms. Williams' contract after she informed them of her pregnancy. They did not rehire her, despite her eligibility for rehiring, but instead hired a non-pregnant female who did not have the special education credentials that Ms. Williams possessed.

56.    On best information and belief, the Defendants did not renew the contract of another pregnant, female probationary assigned teacher (PAT).

57.    On best information and belief, the Defendants renewed the contracts of all other, non-pregnant female PATs.

58.    Ms. Munns revealed a stereotypic attitude toward female teachers, which unlawfully caused her to deprive Ms. Williams of equal employment opportunities in violation of the Constitution and laws of the United States. Upon learning that Ms. Williams was pregnant, she made false and discriminatory comments:

a.    Ms. Munns stated, "You will not want to come back two weeks after you had your baby."

b.    Ms. Munns asked what Ms. Williams' husband did for a living and stated that people in his profession (Board of Trade) "do well."

c.    She stated that Ms. Williams could take a year off and still have a job at Sauganash.

59.    Ms. Williams had a right to be free from discrimination on the basis of her gender and her pregnancy.

60.    By depriving Ms. Williams of her rights to equal protection and treating males and non-pregnant teachers differently, the Defendants violated her rights under Section 1983.

61.    Acting under the color of law, Defendants effected a denial of Plaintiff's rights, privileges, or immunities secured by the United States Constitution or by Federal law and guaranteed by the Fourth, Fifth, and Fourteenth Amendments to the Constitution of the United States.

62.    As a result of Defendants' concerted unlawful and malicious conduct, Plaintiff was both deprived of her rights to equal protection of all the laws and the due course of justice was impeded, in violation of the Fourth, Fifth, and Fourteenth Amendments of the Constitution of the United States and 42 U.S.C. sec. 1983.

63.    Plaintiff was harmed, has incurred considerable legal debt which would not otherwise have been incurred, and has shock and emotional scarring, all compensable as emotional

distress, and other damages.

64.    There is no adequate remedy at law.

**Wherefore**, Plaintiff, prays that this Court enters its order:

A.    Granting actual, general, special, compensatory damages in the amount of $5,000,000.

B.    Granting judgment against all defendants, jointly and severally, for punitive damages in an amount to be determined by the jury, plus the costs of this action;

D.    Reinstating Ms. Williams to a position of permanent employment;

E.    Mandating the expungement of all false, discriminatory and pretextual statements in Ms. Williams personnel file; and

C.    Granting attorney's fees, and such other relief deemed to be just, fair, and appropriate.

## COUNT IV
## VIOLATION OF THE FAMILY AND MEDICAL LEAVE ACT (29 U.S.C.S 2601 *et seq.*)

65.    Plaintiff re-alleges and incorporates by reference the allegations in paragraphs 1 through 64 above with the same force and effect as if herein set forth.

66.    At all relevant times, the Plaintiff had a serious medical condition, as defined by the Act, in that she was undergoing continuing medical treatment for her high-risk pregnancy.

67.    Plaintiff gave Defendants appropriate notice of her need to be absent for work, having informed Ms. Munns on or about February 23, 2006, of her pregnancy and her planned maternity leave during the fall, 2006 semester until October 10, 2006.

68.    Ms. Munns admitted on June 12, 2006 that she had taken the actions herein at issue due

to Ms. Williams' medical condition.

69.    Defendants interfered with Ms. Williams' right to unpaid leave when they terminated her employment.

**Wherefore**, Plaintiff prays that this court enter its order:

    A.    Reinstating Plaintiff to full employment or awarding her frontpay and benefits, according to the best judgment of the Court;

    B.    Awarding backpay to Plaintiff;

    C.    Reasonable Attorneys' fees and expenses of suit.

## COUNT V
## TORTIOUS INTERFERENCE WITH CONTRACT

70.    Plaintiff re-alleges and incorporates, by reference, the allegations in paragraphs 1 through 69 above with the same force and effect as if herein set forth.

71.    A valid and enforceable contract existed between Ms. Williams and the Board.

72.    Upon best knowledge and belief, based upon her uniformly positive performance evaluations, Ms. Williams had a reasonable expectation of continuing the business relationship she had with the Defendant Board.

73.    As Principal of Sauganash Elementary and as Ms. Williams' supervisor, Ms. Munns knew of this reasonable expectation.

74.    Ms. Munns purposefully interfered with this prospective relationship when she decided no to renew Ms. Williams' employment at Sauganash.

75.    Ms. Munns deliberately violated the terms of the Collective Bargaining Agreement, and Board policy and the requirements of the School Code in one or more of the following ways:

    (a)    entered the discriminatory non-renewal;

(b)    surreptitiously gave a false evaluation;

(c)    repeatedly told falsehoods to Ms. Williams, specifically that she was helping Ms. Williams to be reinstated, when in truth she was working for her discharge; and

(d)    failed to rehire Ms. Williams.

Through these actions, Ms. Munns abused the responsibilities invested in her by the Board and caused the Board to breach its responsibilities to Ms. Williams.

76.    Ms. Munns undertook these actions solely to harm Ms. Williams and not to further the interests of the Board.

77.    On best information and belief, with actual malice, Ms. Munns intentionally, unjustifiably and fraudulently induced the Board to breach its obligations to Ms. Williams, through wrongful actions including, but not limited to:

a.    When Ms. Williams sought information on how she might achieve reinstatement, Ms. Munns resolved not to provide accurate information, despite Ms. Williams' inquiries and the Board's obligation to do so;

b.    Ms. Munns falsely told Ms. Williams that she (Munns) had attempted to get the Board to reverse its decision on the non-renewal, but that the Board had refused. This was not true; on best information and belief Ms. Munns never made such a request;

c.    Ms. Munns placed a false and pretextual evaluation in Ms. Williams' file which, in contravention of CPS policy, Ms. Williams neither reviewed nor signed. She so acted so as to preclude Ms. Williams from filing for arbitration as was her right. This evaluation, in contrast to Ms. Munns' verbal statement, falsely and deliberately stated that Ms. Williams had

16

trouble interacting with parents and staff.

78.     With actual malice, Ms. Munns intentionally and unjustifiably induced the Board to breach its obligations to Ms. Williams, acted in her own interests, out of a desire to harm Ms. Williams, outside the scope of her agency relationship with the Board, and contrary to the Board's interests.

79.     As a result of Ms. Munns' inducement, and in reliance on Ms. Munns' deliberate, false, and malicious evaluation and non-renewal decision, the Board breached its obligations to Ms. Williams.

80.     Defendant Ms. Munns acted with malice to overcome any existing privilege to act on behalf of the Board, and to intentionally or wantonly and willfully interfere with the Board's obligations to Ms. Williams.

81.     Ms. Munns engaged in conduct completely unrelated to the interests of the Board, which gave rise to her rights to act on behalf of the Board.

82.     Ms. Williams suffered damages as a result of the breach.

**Wherefore,** Plaintiff prays that this court enter its order:

A.      Finding that a contractual relationship existed between Ms. Williams and the Defendant Board;

B.      Finding that Ms. Munns knew of and intentionally and unjustifiably induced the Defendant Board to breach its responsibilities to Ms. Williams;

C.      Finding that, as a result of this inducement, the Defendant Board did, in fact, breach its obligations to Ms. Williams;

D.      Finding that Ms. Munns acted with malice to overcome any privilege to act on behalf of the Board, and to interfere with the Board's obligations to Ms. Williams;

E.    Finding that Ms. Munns engaged in conduct completely unrelated to the interests of the Board, which gives rise to her right to act on behalf of those institutions

F.    That this Honorable Court award Ms. Williams money reasonably calculated to compensate him for all damages sustained as a result of the breaches of contract.

G.    That this Honorable Court award prejudgment interest and costs;

DATED:

Respectfully submitted,

By: _____

One of Plaintiff's Attorneys

OF COUNSEL:
Elaine K.B. Siegel
Katherine J. Eder
Matthew A. Pavich
Elaine K.B. Siegel & Associates, P.C.
39 South LaSalle Street, Suite 617
Chicago, Illinois 60603
(312) 236-8088
Atty. No. 40875

## LIST OF EXHIBITS

Exhibit A          Kathleen Williams Midterm Evaluation; Spring 2004

Exhibit B          Kathleen Williams Yearly Evaluation; 2004-2005

Exhibit C          Kathleen Williams Classroom Visitation Form; April 28, 2006

Exhibit D          Kathleen Williams Yearly Evaluation; 2005-2006

Exhibit E          Kathleen Williams Non-renewal Entry; March 17, 2006

Exhibit F          Kathleen Williams EEOC charge; May 12, 2006

Exhibit G          Equal Employment Opportunity Commission Right to Sue Letter to
                   Kathleen Williams; September 19, 2007

## LIST OF EXHIBITS

**Exhibit A**        **Kathleen Williams Midterm Evaluation; Spring 2004**

**Exhibit B**        **Kathleen Williams Yearly Evaluation; 2004-2005**

**Exhibit C**        **Kathleen Williams Classroom Visitation Form; April 28, 2006**

**Exhibit D**        **Kathleen Williams Yearly Evaluation; 2005-2006**

**Exhibit E**        **Kathleen Williams Non-renewal Entry; March 17, 2006**

**Exhibit F**        **Kathleen Williams EEOC charge; May 12, 2006**

**Exhibit G**        **Equal Employment Opportunity Commission Right to Sue Letter to Kathleen Williams; September 19, 2007**

# EXHIBIT A

## Midterm Evaluation:

Kathleen Sullivan has been a dedicated and reliable student teacher.  She understands the complexity of planning and assessing the curriculum for young children. She displays this through her lesson plans and the activities carries out within the classroom.  She uses visual aides and understands all children learn in different ways.  She uses hands on activities that engage the children and offer them great learning experiences.

Kathleen has demonstrated a positive way to challenge the children to problem solve and asks open ended questions.  I have had other university students in my room, who have no idea how to talk to children.  Kathleen knows how to do this and I do not have to explain this to her.

She attends all meetings with grade level teachers along with professional development days.  Kathleen has had the experience to help with the SIPAAA and understands the complexity of this writing.  She has also attended workshops in our new computer lab with colleagues and has learned Power Point.

We talk daily about things she can do differently or the same and evaluate her performance.  Classroom management is something that every teacher handles differently.  We have discussed ways to "grab" the children's attention while engaged in activities and bring

**EXHIBIT A**

them back to the whole group.  This takes practice and
Kathleen has improved and tried different approaches.  I
encourage her to try things and see if they work within
the classroom.

# EXHIBIT B

**TEACHER EVALUATION REVIEW**
(Required)                                    Sch Yr _____ 2004 _____ — _____ 2005

Name ___ KATHLEEN S. WILLIAMS ___          SS# ___ 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 ___

School ___ SAUGANASH ___    Unit No. ___ 5690 ___ Region ___ 01 ___    Grade/Subj. ___ 3rd ___

Date of Visitation/Observation                    Date of Follow-up Conference

_____          _____

_____          _____

A.  **Strengths** (Indicate how identified and supporting reasons. If additional space is needed, please use other side.)    Excellent job for first year teacher.

Follows all materials of reading series

Classroom management well maintained

Collaborative teacher and takes constructive Critisim well; and is open to feedback and acts to improve instruction

B.  **Weaknesses** (Indicate how identified and supporting reasons. If additional space is needed, please use other side.)

Increase usage of math journals and turn in Samples.

Assess student objectively to continue to challenge students

Writing Samples received 13 out of 26

Lesson plans turned in 21 times out of 26 — great!

C.  **Evaluation** (Superior, Excellent, Satisfactory, or Unsatisfactory.)

Kathleen is a pleasure to work with!

→    | Superior |

6/17/05 Thank you so much Chris!

I have received a copy. My signature does not indicate that I agree or disagree with the contents.

(Signed) ___ Kathleen S Williams ___ 6/17/05
Teacher                                    Date Received

(Signed) ___ Christe J. Munne ___ 6-1-05
Evaluator                                    Date

Original shall be submitted to the teacher in accordance with the provisions of Article 39 of the Agreement between the Board of Education and the Chicago Teachers Union.

First copy:  Principal's file.
Second copy:  DEPARTMENT OF HUMAN RESOURCES

ORIGINAL : TEACHER    THIS WAS GIVEN TO ME THE LAST DAY OF

A PRINCIPAL IS SUPPOSED TO REVIEW    (2004-2005)

# EXHIBIT C

10:32 – 11:20
Saxon Lesson Plan

## CLASSROOM TEACHER VISITATION FORM
### (Required)

Teacher's Name **Kathleen Williams**  Room **304**  Date **April 28, 2006**
School **Sauganash**  Subject/Grade **Math / Second Grade**
(Place a (✓) or brief comment in the appropriate column.)

**I    Instruction**

|  | Strength | Weakness | Does Not Apply |
|---|---|---|---|
| a) Provides written lesson plans and preparation in accordance with the objectives of the instructional program. | ✓ | | |
| b) Establishes positive learning expectation standards for all students. | ✓ | | |
| c) Periodically evaluates pupils' progress and keeps up to date records of pupils' achievements. | ✓ | | |
| d) Applies contemporary principles of learning theory and teaching methodology. | ✓ | | |
| e) Draws from the range of instruction materials available in the school. | ✓ | | |
| f) Exhibits willingness to participate in the development and implementation of new ideas and teaching techniques. | ✓ | | |
| g) Provides bulletin board and interest areas reflective of current student work. march 30th T. chart | ✓ | | |
| h) Exhibits and applies knowledge of the curriculum content related to subject area and instructional level. | ✓ | | |
| i) Shows evidence of student performance and progress. | ✓ | | |

**II    School Environment**

|  | Strength | Weakness | Does Not Apply |
|---|---|---|---|
| a) Establishes and maintains reasonable rules of conduct within the classroom consistent with the provisions of the Uniform Discipline Code. | ✓ | | |
| b) Maintains attendance book(s), lesson plans, seating chart(s), and grade book accurately. | ✓ | | |
| c) Uses recommendations and suggestions from conferences and special education staffings. | ✓ | | |
| d) Encourages student growth in self-discipline and positive self-concept. | ✓ | | |
| e) Makes students aware of the teacher's objectives & expectations. | ✓ | | |
| f) Practices fairness in teacher-pupil relationships. | ✓ | | |
| g) Exhibits an understanding & respect for students as individuals. | ✓ | | |

**III    Professional and Personal Standards**

|  | Strength | Weakness | Does Not Apply |
|---|---|---|---|
| a) Presents an appearance that does not adversely affect the students' ability to learn. | | | |
| b) Demonstrates proper diction and grammatical usage when addressing students. | ✓ | | |
| c) Uses sound and professional judgment. | ✓ | | |

**IV    Local School Unit Criteria**

| | Strength | Weakness | Does Not Apply |
|---|---|---|---|
| a) | | | |
| b) | | | |
| c) | | | |

Comments: Students encourage each other "good job" they need to say "Try again" to be consistent - This lets them know its ok to make mistakes and to learn from them.

EXHIBIT

2

## ADDITIONAL OBSERVATIONS
### (Required)

Teacher's Name _Kathleen Williams_ Room _304_

School _Sauganash_ Subject/Grade _____

(Place a (✓) or brief comment in the appropriate column.)

| | Strength | Weakness | Does Not Apply |
|---|---|---|---|
| **I  School-wide Environment** | | | |
| a) Carries out daily routines and administrative requests. | ✓ | | |
| b) Complies with the policies, rules, & regulations of the school system & of the building. | | | |
| c) Participates in the program to improve student attendance. | ✓ | | |
| d) Promotes anti-vandalism programs in the school. | ✓ | | |
| **II  Community Relationships** | ✓ | | |
| a) Uses appropriate resources available in the community. | ✓ | | |
| b) Initiates appropriate conferences with parents, administrators, and/or ancillary personnel, in accordance with school procedures. | ✓ | | |
| c) Performs professional responsibilities in an atmosphere of mutual respect with parents & other community members. | | ✓ | |
| d) Communicates the academic progress, attendance & conduct of students to their parents. | ✓ | | |
| e) Endeavors to understand the lifestyles & values of the school community. | ✓ | | |
| **III  Professional Responsibilities** | | | |
| a) Is punctual & regular in attendance to school & duty assignments. | ✓ | | |
| b) Participates in inservice meetings & uses information & materials provided. | ✓ | | |
| c) Exhibits cooperative attitude toward students, parents, community, & school personnel. | | ✓ | |
| d) Adheres to the Rules of the Board of Education & policies & procedures of the Chicago Public Schools & the local school unit. | ✓ | | |
| e) Makes proper use of professional preparation periods. | ✓ | | |
| **IV  Local School Unit Criteria** | | | |
| a) _____ | | | |
| b) _____ | | | |
| c) _____ | | | |

V  Comments: Great Check out system for classroom libraries. Students corrected their own work — Thank You, estimate numbers & visual of math sentence on chalkboard, taking students step by step                            Very good

Evaluator: _Arthur S Munro_ Signature

May 28, 2006                    Date

_Kathleen Williams_

5/8/06

Post Observation

# EXHIBIT D

TEAC R EVALUATION REVIEW
(Required)                                    Sch Y. __2005__ — __2006__

KATHLEEN  S.
WILLIAMS
Name _____     SS# ▬▬▬▬▬

School __SAUGANASH_____     Unit No. __5690__ Region __01__ Grade/Subj. __Second__

Date of Visitation/Observation          Date of Follow-up Conference

__March 22, 2006__                      __April 27, 2006__

__April 28, 2006__                      __May 8, 2006__

A.    Strengths  (Indicate how identified and supporting reasons.  If additional space is needed, please use other side.)

B.    Weaknesses  (Indicate how identified and supporting reasons.  If additional space is needed, please use other side.)

_failure to listen to suggestions easily and act upon them_

_Deficiencies with Communication; parent conference skills and relations with staff_

C.    Evaluation  (Superior, Excellent, Satisfactory, or Unsatisfactory.)

⟶        | No Rating |

_Teacher left on Medical Leave_

I have received a copy.
My signature does not            (Signed) _____
indicate that I agree or                   Teacher                          Date Received
disagree with the contents.

                                  (Signed) _Kathleen J Munns_  _May 24, 2006_
                                           Evaluator                        Date

Original shall be submitted to the teacher in accordance with the provisions of Article 39 of the Agreement between the Board of Education and the Chicago Teachers Union.

First copy:  Principal's file.
Second copy:  DEPARTMENT OF HUMAN RESOURCES

000160

# EXHIBIT E



## Sauganash

**6040 N Kilpatrick Av Chicago, IL**          **Unit 5690     Area 01     GSR 031**
**Phone: (773) 534-3470**          **Fax: (773) 534-3707**                    <u>Print</u>

### Williams, Kathleen S                    PAT-2     Date Assign: 1/10/05     Non Renewal

**Pos #     Job Title**
13933      Teacher

**Budget Classification          Program**
5690-210-219-2040-5110 100%     Special Services-Elementary

---

**Certificate:** 04 - Early Childhood Teaching

**Endorsements:**
- EARL: Early Childhood Education
- SCG3: Self Contained General Education Age 0 - Grade 3

**Certificate:** 39 - Substitute-90 Days Teaching

<u>Show / Hide Reasons</u>

---

Non Renewal Reasons:
    DEFICIENCIES WITH COMMUNICATION (PARENT CONFERENCE SKILLS; RELATIONS WITH STAFF)
<u>Show / Hide Transaction Timeline</u>

---

**Transaction     Entered By     Entered On**
Non-Renewal     Munns, Christine 3/17/06 1:39:08 PM

<u>Go Back</u>

000014

# EXHIBIT F

# CHARGE OF DISCRIMINATION

This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form.

| Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|
| ☐ FEPA | |
| ☒ EEOC | 440-2006-03980 |

## Illinois Department Of Human Rights
*State or local Agency, if any* and EEOC

| Name *(Indicate Mr., Ms., Mrs.)* | Home Phone *(Incl. Area Code)* | Date of Birth |
|---|---|---|
| **Kathleen S. Williams** | **(773) 467-0622** | **04-12-1973** |

Street Address: **6462 N. Northwest Highway, Chicago, IL 60631**    City, State and ZIP Code

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. *(If more than two, list under PARTICULARS below.)*

| Name | No. Employees, Members | Phone No. *(Include Area Code)* |
|---|---|---|
| **SAUGANASH ELEMENTARY SCHOOL** | **500 or More** | **(773) 534-3470** |

Street Address: **Chicago Board Of Education,  6040 N. Kilpatrick,  Chicago, IL 60646**    City, State and ZIP Code

| Name | No. Employees, Members | Phone No. *(Include Area Code)* |
|---|---|---|
| | | |

Street Address    City, State and ZIP Code

DISCRIMINATION BASED ON *(Check appropriate box(es).)*

☐ RACE    ☐ COLOR    ☒ SEX    ☐ RELIGION    ☐ NATIONAL ORIGIN

☐ RETALIATION    ☐ AGE    ☐ DISABILITY    ☐ OTHER *(Specify below.)*

| DATE(S) DISCRIMINATION TOOK PLACE | |
|---|---|
| Earliest | Latest |
| **04-28-2006** | **04-28-2006** |

☐ CONTINUING ACTION

THE PARTICULARS ARE *(If additional paper is needed, attach extra sheet(s)):*

I was hired by Respondent in or around October 2004 as a Teacher.  On or about February 16, 2006, I informed Respondent of my pregnancy.  On or about April 28, 2006, I was discharged.

I believe I have been discriminated against because of my sex, female, in violation of Title VII of the Civil Rights Act of 1964, as amended.

```
RECEIVED EEOC
MAY 1 2 2006
CHICAGO DISTRICT OFFICE
```

| I want this charge filed with both the EEOC and the State or local Agency, if any.  I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – *When necessary for State and Local Agency Requirements* |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief. SIGNATURE OF COMPLAINANT |
| **May 12, 2006**    *Date*    *Kathleen S. Williams*    *Charging Party Signature* | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE *(month, day, year)* |

# EXHIBIT G



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**Chicago District Office**

500 West Madison Street, Suite 2800
Chicago, IL 60661
(312) 353-2713
TTY (312) 353-2421
FAX (312) 353-4041

Ms. Elaine K. B. Siegel
Elaine K.B. Siegel & Assoc. P.C.
39 South LaSalle Street
Suite 617
Chicago, IL 60603

Re:  Respondent:      Chicago Board of Education
     EEOC Charge No.:  440-2006-03980 Amended

Dear Ms. Siegel:

Attached please find a Notice of Right to Sue Issued on your behalf in the above referenced matter. The Commission's efforts to conciliate these matters with Respondent have been unsuccessful. The Commission has determined that it will not bring a lawsuit against the Respondent. By issuing the attached Notice of Right to Sue, the Commission is terminating its processing of your charge.

The attached Notice of Right to Sue entitles you to pursue private litigation concerning your allegations against Respondent(s) within 90 days of your receipt of this letter. You may wish to retain a private attorney at this time. The Commission maintains a list of attorneys who have indicated an interest in pursuing cases involving employment discrimination. This list is attached for your convenience.

If you do file suit based on these Notices of Right to Sue, it is requested that you provide us with a copy of the complaints you file in court.

On Behalf of the Commission:

_____9-19-07_____            _____
Date                             John P. Rowe
                                 District Director

Enclosures

EEOC Form 161-A (3/98)

**U.S.** JAL EMPLOYMENT OPPORTUNITY COMI. .ION

## NOTICE OF RIGHT TO SUE
### (CONCILIATION FAILURE)

To:  Kathleen S. Williams
     6462 N. Northwest Highway
     Chicago, IL 60631

From:  Chicago District Office
       500 West Madison St
       Suite 2800
       Chicago, IL 60661

CERTIFIED MAIL 7099 3400 0018 8815 5493

[ ] On behalf of person(s) aggrieved whose identity is
    CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 440-2006-03980 AMENDED | Cristina Wodka, Investigator | (312) 353-1401 |

### TO THE PERSON AGGRIEVED:

This notice concludes the EEOC's processing of the above-numbered charge. The EEOC found reasonable cause to believe that violations of the statute(s) occurred with respect to some or all of the matters alleged in the charge but could not obtain a settlement with the Respondent that would provide relief for you. In addition, the EEOC has decided that it will not bring suit against the Respondent at this time based on this charge and will close its file in this case. This does not mean that the EEOC is certifying that the Respondent is in compliance with the law, or that the EEOC will not sue the Respondent later or intervene later in your lawsuit if you decide to sue on your own behalf.

### - NOTICE OF SUIT RIGHTS -
(See the additional information attached to this form.)

**Title VII, the Americans with Disabilities Act, and/or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years)** before you file suit may not be collectible.

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

Enclosures(s)

_John P. Rowe_
John P. Rowe,
**District Director**

9-19-07
(Date Mailed)

cc:  **CHICAGO BOARD OF EDUCATION**