UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| KATHLEEN WILLIAMS, ) | | |
| Plaintiff, ) | | |
| ) | | |
| v. ) | No. 07 C 6997 | |
| ) | | |
| BOARD OF EDUCATION OF THE ) | Judge George Lindberg | |
| CITY OF CHICAGO and CHRISTINE ) | | |
| MUNNS, individually and as an agent of ) | Magistrate Judge Schenkier | |
| defendant Board ) | | |
| Defendants. ) | | |
| ) | | |

**DEFENDANT BOARD OF EDUCATION'S MOTION
TO STRIKE PLAINTIFF'S PRAYER FOR PUNITIVE DAMAGES**

Defendant Chicago Board of Education ("Board"), by and through its attorneys, General Counsel Patrick J. Rocks and Assistant General Counsel James J. Seaberry, moves this court under FRCP 12(f) to strike plaintiff's claim for punitive damages as against the Board in Counts I to III, stating as follows:

1. Plaintiff, Kathleen Williams filed a five-count complaint on December 13, 2007. (See Plaintiff's Complaint, Exh. "A").

2. Counts I to III of plaintiff's complaint, claims under Title VII and Section 1983 include in its prayers for relief, claims for punitive damages. (Exh. "A", Counts I to III).

3. Municipal entities, including the Board are immune from punitive damages imposed under the Civil Rights laws under which Plaintiff brings her action. *City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247, 271 (1981); *Bell v. City of Milwaukee.* 746

F. 2d 1205, 1270 (7th Cir. 1994) (The punitive rule of City of Newport applies to §1983 and §1981 actions); *Bell v. City of Chicago*, 2004 U.S. Dist. Lexis 4652 *5 (N.D. Ill., March 22, 2004).

      Moreover, the State of Illinois has reaffirmed immunity for its local governments in the Illinois Local Government and Governmental Employee Tort Immunity Act, 745 ILCS 10/2-102, which provides that a "local public entity is not liable to pay punitive or exemplary damages in any action brought directly or indirectly against it….." *Bell v. City of Chicago*, 865 F. Supp. 445, 447 (N.D. ILL. 1994). This court has also held that the immunity provided in the Tort Immunity Act trumps any indemnity statute. *Anderson v. Chicago Board of Education*, 169 F.Supp.2d 864, 871-72 (N.D. Ill. 2001).

4.    Plaintiff cannot, under any theory of law, recover punitive damages sought in Counts I to III, and plaintiff's claim against the Board should be stricken.

**WHEREFORE**, Defendant Board respectfully prays that this court strike plaintiff's prayer for relief for punitive damages in Counts I to III, and for such further relief as this court deems just.

Dated: February 7, 2008

Respectfully submitted,
Patrick J. Rocks, General Counsel

By:  s/James J. Seaberry
James J. Seaberry, Assistant General Counsel
Board of Education of the City
of Chicago - Law Department
125 South Clark Street, Suite 700
Chicago, IL 60603
(773) 553-1700