FILED
DEC 13 2007
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT FOR THE
NOTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| KATHLEEN WILLIAMS,<br><br>Plaintiff,<br><br>v.<br><br>BOARD OF EDUCATION OF THE CITY OF CHICAGO and CHRISTINE MUNNS, INDIVIDUALLY AND AS AN AGENT OF THE DEFENDANT BOARD<br><br>Defendants. | 07CV 6997<br>JUDGE LINDBERG<br>MAGISTRATE JUDGE SCHENKIER<br><br><br>PLAINTIFF DEMANDS<br>TRIAL BY JURY |

## COMPLAINT

Plaintiff, KATHLEEN WILLIAMS, by the undersigned attorneys, complains as follows concerning Defendants BOARD OF EDUCATION OF THE CITY OF CHICAGO (BOARD), and CHRISTINE MUNNS (MUNNS):

### PARTIES

1. Plaintiff, KATHLEEN WILLIAMS ("Ms. Williams"), is a resident of the Northern District of Illinois, holds a Type 04 elementary education teaching certificate and is certified as a Special Education teacher by the State of Illinois. Ms. Williams had been employed continuously by Defendant Board of Education of the City of Chicago ("BOARD") since January, 2003.

2. Defendant BOARD is a body politic and corporate, organized under the Illinois School Code, 108 ILCS 5/34-1 and located in the County of Cook, State of Illinois.

1

3. Defendant CHRISTINE MUNNS ("Ms. Munns"), in her individual capacity, is an employee of the Board, has an office in and does business in Cook County, State of Illinois.

## JURISDICTION AND VENUE

4. This is an action for damages seeking to enforce rights secured by Title VII of the Civil Rights Act of 1964, 42 U.S.C.S. Sec. 2000e *et seq*, by Section 1983 of the Civil Rights Act, 42 U.S.C § 1983 and by the 5th and 14th Amendments to the United States Constitution. Jurisdiction is conferred upon this Court by 28 U.S.C.S. §1331, §1343 and 42 U.S.C §1983. Supplemental jurisdiction is conferred upon this Court by 28 U.S.C.S § 1367. Supplemental jurisdiction, over Count V, a state law claim for tortious interference with contract, is appropriate because the state law claims is based upon same nucleus of operative facts as Count I-IV and because exercise of pendent jurisdiction would further judicial economy and the ends of justice.

5. Venue is proper within this district and division pursuant to 28 U.S.C.S. 1391, in that the plaintiff resides, and the defendants reside, have offices and do business in the Northern District of Illinois, Eastern Division, in Cook County, Illinois; and the cause of action arose here.

## FACTS

6. Ms. Williams first began working for the Board, as a substitute teacher, at Sauganash Elementary School, which is operated by the Board, during the 2002 school year.

7. Ms. Williams was employed during the 2003 Spring Term, at Sauganash, as a Full-Time Substitute, working in the Special Education Department. She possessed a Special Education certificate.

8. Ms. Williams worked at Sauganash during the 2003-2004 Spring Semester, as a student teacher. She received an exemplary rating on her midterm evaluation. In this evaluation, Ms. Williams' supervisor, Ms. Abad, stated that Ms. Williams was a "dedicated and reliable student teacher." A true and correct copy of the evaluation is attached as Exhibit A.

9. Ms. Williams was hired at Sauganash as a full-time, third-grade teacher, for the 2004-2005 school year. She received a "Superior" rating from Ms. Christine Munns, her principal, on her 2004-2005 school year evaluation. In this evaluation, Ms. Munns wrote that Ms. Williams did an "Excellent job for first year teacher" and that she was "a pleasure to work with." A true and correct copy of the evaluation is attached as Exhibit B.

10. Ms. Williams was also employed at Sauganash, during the 2005-2006 school year, as a second-grade teacher. She did not receive a copy of a formal evaluation that year, in contravention of the Illinois School Code, 105 ILCS 5/24A-8. A true and correct copy of the provision is attached as Exhibit C.

11. In addition to her consistent "Superior" ratings on performance evaluations, Ms. Williams far exceeded the expectations of her job by undertaking additional responsibilities, including, but not limited to:

   a. Working as an after-school remedial reading and math teacher;

   b. Volunteering at Literacy Nights;

   c. Attending Professional Development seminars; and

   d. Drafting a letter to parents that explained the expectations for the ISAT.

12. On or about February 23, 2006, Ms. Williams informed Ms. Munns that she would need a

3

maternity leave in the upcoming fall, and that she was giving Ms. Munns advance notice so that Ms. Munns could find a substitute teacher until her planned return on October 10, 2006, approximately five weeks after the start of the school year.

13. During the February 23, 2006 discussion, Ms. Munns stated that Ms. Williams would be able to take the entire year off and still have a job at Sauganash for the 2007-2008 school year. Ms. Munns also asked what Ms. Williams' husband did, and commented that his profession paid well. She also stated that Ms. Williams would not want to return to work so soon after having a baby.

14. On best information and belief, no more than three weeks after the February 23, 2006 discussion, Ms. Munns decided not to renew Ms. Williams' contract.

15. Shortly thereafter, Ms. Munns began to evaluate Ms. Williams. On or about March 22, 2006, Ms. Munns conducted a classroom observation and informal evaluation of Ms. Williams. On or about April 27, 2006, Ms. Munns reviewed the informal evaluation with Ms. Williams. The evaluation was very positive, with Ms. Munns praising Ms. Williams' classroom performance.

16. On or about April 28, 2006, Ms. Munns conducted Ms. Williams' formal evaluation. Ms. Munns verbally rated Ms. Williams' performance as "Superior." In the classroom teacher visitation form, which Ms. Munns was required to fill out after having observed Ms. Williams, Ms. Munns reported that, out of thirty-three factors covering instruction, school environment and other classroom aspects, Ms. Williams was strong in thirty-one of the thirty-three. In contravention of Chicago Public Schools procedure, Ms. Munns did not memorialize the verbal evaluation, or place it, in the Plaintiff's file. Instead, she placed a different evaluation in her file, which Ms. Williams neither saw nor signed. This

purported evaluation, in which Ms. Williams was given a "No Rating," was false, pretextual and discriminatory. The evaluation was entered on May 24, 2006. A true and correct copy of the evaluation is attached as Exhibit D.

17. On or about the afternoon of April 28, 2006, Ms. Munns called Ms. Williams to a meeting in her office, during which Ms. Munns read a letter from the Board stating that Ms. Williams' contract would not be renewed for the upcoming school year. She refused to offer reasons for the decision. She stated, "Unfortunately, you didn't tell me you were pregnant until February, and I put your dismissal in during the month of January."

18. Ms. Munns' statement was false. On best information and belief, she had entered the dismissal in March, shortly after she had been informed about Ms. Williams' pregnancy. As a reason for the non-renewal, Ms. Munns wrote only "Deficiencies with Communication (Parent Conference Skills; Relations with Staff.)" The non-renewal letter was dated March 17, 2006, and the above-stated reason was filled in on a form. A true and correct copy of the non-renewal is attached as Exhibit E.

19. On or about May 3, 2006, Ms. Munns falsely told Ms. Williams that the Board had prevented her from reversing the dismissal.

20. On or about May 8, 2006, Ms. Munns falsely told Ms. Williams that she had entered the decision on February 17, 2006, contradicting her own, earlier, statement, that she had entered the decision in January.

21. On best information and belief, at the time of the non-renewal decision, six other PATs were rehired and two, including Ms. Williams, were not.

22. On best information and belief, the two PATs who were not renewed, were both pregnant. On best information and belief, Ms. Munns wanted to have male teachers at

her school. Later, the other PAT who was not renewed, was reinstated because she had, in fact, achieved tenure when Ms. Munns attempted to not renew her contract.

## THE EEOC CHARGE, DOCTOR PRESCRIBED BED REST AND THE RESULTING RETALIATION

23. On or about May 12, 2006, Ms. Williams filed a charge of discrimination with the EEOC, a copy of which is attached as Exhibit E.

24. On or about May 12, Ms. Williams became ill and informed Ms. Munns that she would not be able to attend class that day.

25. On May 17, 2006, on the advice of her doctor that she go on enforced bed rest in order to ensure the continued viability of her pregnancy, Ms. Williams took the medical leave to which she was contractually entitled.

26. Soon thereafter, Ms. Williams began receiving harassing phone calls and emails from Melissa Raich, the Sauganash assistant principal, who falsely accused Ms. Williams of "missing grades," "missing book order forms" and "missing keys."

27. Although she was eligible to be rehired, Ms. Williams was replaced in her position, by a non-pregnant teacher. Ms. Williams possessed a Type 04 elementary education teaching certificate and was also certified as a Special Education teacher. The teacher who replaced her lacked the Special Education certification.

## INCONSISTENT STATEMENTS REGARDING MS. WILLIAMS' DISMISSAL

28. On or about June 2, 2006, Ms. Williams filed a grievance with the Board, alleging that her dismissal was the result of intentional discrimination based upon her pregnancy.

29. A first-level grievance hearing was held on June 12, 2006, during which Ms. Munns made false and contradictory statements as to when she had entered the decision to

6

dismiss Ms. Williams.

30. After the hearing, Ms. Munns called Ms. Williams and her union representative into her office. Ms. Munns then admitted that she had actually entered the decision on March 14, 2006. She additionally stated that she had made the decision based on Ms. Williams' medical leave. This latter statement was false. Plaintiff's medical leave did not begin until May 17, 2006.

31. During the March 14, 2006 meeting, Ms. Munns suddenly claimed, for the first time, that she had also based her decision on alleged performance deficiencies. Ms. Munns' accusation of performance deficiencies was false, pretextual, discriminatory and retaliatory.

32. On or about September 7, 2007, the EEOC issued a determination that the Defendants' failure to rehire Ms. Williams was based upon her sex and pregnancy.

33. On September 19, 2007, Ms. Williams received her "Right to Sue" letter from the EEOC. In the letter, the EEOC informed Ms. Williams that it had found reasonable cause to believe that the Defendants had violated the statute with respect to some or all of the matters alleged in the charge. A true and correct copy of this letter is attached as Exhibit F.

## COUNT I
## VIOLATION OF TITLE VII

34. Count I of this complaint is brought against the Board and arises under Title VII of the Civil Rights Act of 1964, 42 U.S.C. Sec. 2000e *et seq.* The Board and its agent, Ms. Munns, acted with malice and/or reckless indifference to Ms. Williams, resulting in a deprivation of her civil rights and in reputational injury and pain and suffering by Ms.

Williams

35. Shortly after Ms. Williams gave notice, as a courtesy, of her maternity leave, Ms. Munns decided not to renew her.

36. The Defendant Board failed to rehire Ms. Williams to a permanent position

37. To obfuscate her discriminatory and unlawful motives for the dismissal, Ms. Munns has offered false and self-contradictory statements as to when and how she decided not to renew Ms. Williams's contract.

38. Defendants' accusations of performance deficiencies were false. The criticisms of Plaintiff's admittedly superior performance were false, and are pretexts for discrimination.

39. Defendants refused to rehire Ms. Williams, despite her repeated requests, despite her excellent credentials, including a Special Education certificate (a field with frequent vacancies) and despite repeated, and false, assurances by Ms. Munns that she would attempt to have Ms. Williams rehired.

40. By depriving Ms. Williams of her rights to equal protection and treating non-pregnant teachers differently, the Defendant's violated the Plaintiff's rights under Title VII.

41. The aforesaid acts and conduct are in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. Sec. 2000e *et seq.*

42. There is no adequate remedy at law.

**Wherefore**, Plaintiff, Ms. Williams prays that this Court enters an order:

A. Finding and adjudicating that the Board and its agent, Ms. Munns, have violated Title VII of the Civil Rights Act of 1964, 42 U.S.C. Sec. 2000e *et seq*, and are therefore liable to Ms. Williams for all injuries suffered as a result of their

unlawful acts and conduct in not renewing her employment due to her protected status as a pregnant female;

B. Reinstating Ms. Williams to her former position with full backpay and frontpay;

C. Permanently restraining and enjoining the Board from continuing such unlawful acts and conduct, and from committing any future acts or conduct that subject Ms. Williams to such unlawful acts and conduct;

D. Awarding Ms. Williams compensatory damages, including without limitation, compensation for mental and emotional distress, as the proof shall establish and as the Court shall determine to be just and proper in the premises;

E. Awarding Ms. Williams, in addition to such compensatory damages, punitive damages in such amount as the Court determines to be necessary and appropriate, to punish past violations the Board and Ms. Munns, and to deter future violations.

F. Instructing the Board to expunge Ms. Williams' file of all retaliatory paperwork and evaluations.

G. Awarding Ms. Williams her reasonable attorneys' fees and expenses of suit pursuant to 42 U.S.C. § 2000e-5(k), 42 U.S.C. § 1988; and

H. Granting Ms. Williams such other and further relief as the Court deems just and equitable in the premises.

## COUNT II
## TITLE VII RETALIATION

43. Ms. Williams restates and realleges paragraphs 33-42 of Count I as though fully set forth herein.

44. Title VII prohibits an employer from taking action against an employee because she has

opposed any practice made unlawful under the Act, or because she has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing. U.S.C. Sec. 2000e-3(a).

45. On or about March 17, 2006, Ms. Munns surreptitiously placed a false evaluation in Ms. Williams' file, as a pretext for not renewing her employment.

46. On or about May 12, 2006, Ms. Williams filed a charge of discrimination, EEOC Charge No. 440-2006-03980. She amended this charge on June 28, 2007. Due to Plaintiff's efforts to redress the unlawful discrimination and retaliation by filing her charge with the EEOC and by using the grievance process under the Collective Bargaining Agreement of the Chicago Public Schools, the Board has failed to rehire Ms. Williams.

47. On or about June 1, 2006, Ms. Williams filed a first-level grievance with the Board, alleging, *inter alia*, unlawful discrimination due to her pregnancy. She appealed the initial decision on her grievance on June 20, 2006. The Board failed to address her concerns and, moreover, allowed Ms. Munns to retaliate against her in response.

48. The Defendant Board has failed and refused to rehire Ms. Williams, despite her excellent credentials, including her Special Education certificate.

49. The aforesaid acts and conduct violate Title VII of the Civil Rights Act of 1964, 42 U.S.C. Sec. 2000e *et seq*.

50. There is no adequate remedy at law.

**Wherefore**, Plaintiff, prays that this Court enters its order:

    A. Finding and adjudicating that the Board and its agent, Ms. Munns, have violated Title VII of the Civil Rights Act of 1964, 42 U.S.C. Sec. 2000e *et seq*, and are therefore liable to Ms. Williams for all injuries suffered as a result of their

       unlawful acts and conduct;

B.    Reinstating Ms. Williams to her former position with all appropriate backpay and frontpay.

C.    Permanently restraining and enjoining the Board from continuing such unlawful acts and conduct, and from committing any future acts or conduct that subjects Ms. Williams, or causes her to be subjected, to any deprivation of any right;

D.    Awarding Ms. Williams compensatory damages, including without limitation compensation for mental and emotional distress, and reputational injury, in such amount as the proof shall establish and as the Court shall determine to be just and proper in the premises;

E.    Awarding Ms. Williams, in addition to such compensatory damages, punitive damages in such amount as the Court determines to be necessary and appropriate, to punish past violations by the Board and Ms. Munns, and to deter future violations.

F.    Instructing the Board to expunge Ms. Williams' file of all retaliatory paperwork and evaluations.

G.    Awarding Ms. Williams her reasonable attorneys' fees and expenses of suit; and

H.    Granting Ms. Williams such other and further relief as the Court deem equitable in the premises.

**COUNT III**
**VIOLATION OF 42 U.S.C. SEC. 1983 (DEPRIVATION OF EQUAL PROTECTION)**

51.    Plaintiff repeats and realleges and incorporates by reference the allegations in paragraphs 1 through 50 above with the same force and effect as if herein set forth.

52. At all relevant times herein, Plaintiff had a right under the equal protection clauses of the state and federal constitutions not to be subjected to discriminatory conduct based upon her gender.

53. At all times relevant herein, the defendants were state actors and their conduct was subject to 42 U.S.C. sec. 1983.

54. On best information and belief, Defendants treated pregnant females less favorably than they treated males and non-pregnant females, by either not renewing their contracts or by replacing them with non-pregnant females and men.

55. Defendants decided not to renew Ms. Williams' contract after she informed them of her pregnancy. They did not rehire her, despite her eligibility for rehiring, but instead hired a non-pregnant female who did not have the special education credentials that Ms. Williams possessed.

56. On best information and belief, the Defendants did not renew the contract of another pregnant, female probationary assigned teacher (PAT).

57. On best information and belief, the Defendants renewed the contracts of all other, non-pregnant female PATs.

58. Ms. Munns revealed a stereotypic attitude toward female teachers, which unlawfully caused her to deprive Ms. Williams of equal employment opportunities in violation of the Constitution and laws of the United States. Upon learning that Ms. Williams was pregnant, she made false and discriminatory comments:

    a.    Ms. Munns stated, "You will not want to come back two weeks after you had your baby."

    b.    Ms. Munns asked what Ms. Williams' husband did for a living and stated that people in his profession (Board of Trade) "do well."

    c.    She stated that Ms. Williams could take a year off and still have a job at Sauganash.

59.    Ms. Williams had a right to be free from discrimination on the basis of her gender and her pregnancy.

60.    By depriving Ms. Williams of her rights to equal protection and treating males and non-pregnant teachers differently, the Defendants violated her rights under Section 1983.

61.    Acting under the color of law, Defendants effected a denial of Plaintiff's rights, privileges, or immunities secured by the United States Constitution or by Federal law and guaranteed by the Fourth, Fifth, and Fourteenth Amendments to the Constitution of the United States.

62.    As a result of Defendants' concerted unlawful and malicious conduct, Plaintiff was both deprived of her rights to equal protection of all the laws and the due course of justice was impeded, in violation of the Fourth, Fifth, and Fourteenth Amendments of the Constitution of the United States and 42 U.S.C. sec. 1983.

63.    Plaintiff was harmed, has incurred considerable legal debt which would not otherwise have been incurred, and has shock and emotional scarring, all compensable as emotional

distress, and other damages.

64. There is no adequate remedy at law.

**Wherefore**, Plaintiff, prays that this Court enters its order:

 A. Granting actual, general, special, compensatory damages in the amount of $5,000,000.

 B. Granting judgment against all defendants, jointly and severally, for punitive damages in an amount to be determined by the jury, plus the costs of this action;

 D. Reinstating Ms. Williams to a position of permanent employment;

 E. Mandating the expungement of all false, discriminatory and pretextual statements in Ms. Williams personnel file; and

 C. Granting attorney's fees, and such other relief deemed to be just, fair, and appropriate.

## COUNT IV
## VIOLATION OF THE FAMILY AND MEDICAL LEAVE ACT (29 U.S.C.S 2601 *et seq.*)

65. Plaintiff re-alleges and incorporates by reference the allegations in paragraphs 1 through 64 above with the same force and effect as if herein set forth.

66. At all relevant times, the Plaintiff had a serious medical condition, as defined by the Act, in that she was undergoing continuing medical treatment for her high-risk pregnancy.

67. Plaintiff gave Defendants appropriate notice of her need to be absent for work, having informed Ms. Munns on or about February 23, 2006, of her pregnancy and her planned maternity leave during the fall, 2006 semester until October 10, 2006.

68. Ms. Munns admitted on June 12, 2006 that she had taken the actions herein at issue due

to Ms. Williams' medical condition.

69. Defendants interfered with Ms. Williams' right to unpaid leave when they terminated her employment.

**Wherefore**, Plaintiff prays that this court enter its order:

    A.    Reinstating Plaintiff to full employment or awarding her frontpay and benefits, according to the best judgment of the Court;

    B.    Awarding backpay to Plaintiff;

    C.    Reasonable Attorneys' fees and expenses of suit.

## COUNT V
## TORTIOUS INTERFERENCE WITH CONTRACT

70. Plaintiff re-alleges and incorporates, by reference, the allegations in paragraphs 1 through 69 above with the same force and effect as if herein set forth.

71. A valid and enforceable contract existed between Ms. Williams and the Board.

72. Upon best knowledge and belief, based upon her uniformly positive performance evaluations, Ms. Williams had a reasonable expectation of continuing the business relationship she had with the Defendant Board.

73. As Principal of Sauganash Elementary and as Ms. Williams' supervisor, Ms. Munns knew of this reasonable expectation.

74. Ms. Munns purposefully interfered with this prospective relationship when she decided no to renew Ms. Williams' employment at Sauganash.

75. Ms. Munns deliberately violated the terms of the Collective Bargaining Agreement, and Board policy and the requirements of the School Code in one or more of the following ways:

    (a)    entered the discriminatory non-renewal;

 (b) surreptitiously gave a false evaluation;

 (c) repeatedly told falsehoods to Ms. Williams, specifically that she was helping Ms. Williams to be reinstated, when in truth she was working for her discharge; and

 (d) failed to rehire Ms. Williams.

Through these actions, Ms. Munns abused the responsibilities invested in her by the Board and caused the Board to breach its responsibilities to Ms. Williams.

76. Ms. Munns undertook these actions solely to harm Ms. Williams and not to further the interests of the Board.

77. On best information and belief, with actual malice, Ms. Munns intentionally, unjustifiably and fraudulently induced the Board to breach its obligations to Ms. Williams, through wrongful actions including, but not limited to:

 a. When Ms. Williams sought information on how she might achieve reinstatement, Ms. Munns resolved not to provide accurate information, despite Ms. Williams' inquiries and the Board's obligation to do so;

 b. Ms. Munns falsely told Ms. Williams that she (Munns) had attempted to get the Board to reverse its decision on the non-renewal, but that the Board had refused. This was not true; on best information and belief Ms. Munns never made such a request;

 c. Ms. Munns placed a false and pretextual evaluation in Ms. Williams' file which, in contravention of CPS policy, Ms. Williams neither reviewed nor signed. She so acted so as to preclude Ms. Williams from filing for arbitration as was her right. This evaluation, in contrast to Ms. Munns' verbal statement, falsely and deliberately stated that Ms. Williams had

   trouble interacting with parents and staff.

78. With actual malice, Ms. Munns intentionally and unjustifiably induced the Board to breach its obligations to Ms. Williams, acted in her own interests, out of a desire to harm Ms. Williams, outside the scope of her agency relationship with the Board, and contrary to the Board's interests.

79. As a result of Ms. Munns' inducement, and in reliance on Ms. Munns' deliberate, false, and malicious evaluation and non-renewal decision, the Board breached its obligations to Ms. Williams.

80. Defendant Ms. Munns acted with malice to overcome any existing privilege to act on behalf of the Board, and to intentionally or wantonly and willfully interfere with the Board's obligations to Ms. Williams.

81. Ms. Munns engaged in conduct completely unrelated to the interests of the Board, which gave rise to her rights to act on behalf of the Board.

82. Ms. Williams suffered damages as a result of the breach.

**Wherefore,** Plaintiff prays that this court enter its order:

  A. Finding that a contractual relationship existed between Ms. Williams and the Defendant Board;

  B. Finding that Ms. Munns knew of and intentionally and unjustifiably induced the Defendant Board to breach its responsibilities to Ms. Williams;

  C. Finding that, as a result of this inducement, the Defendant Board did, in fact, breach its obligations to Ms. Williams;

  D. Finding that Ms. Munns acted with malice to overcome any privilege to act on behalf of the Board, and to interfere with the Board's obligations to Ms. Williams;

E. Finding that Ms. Munns engaged in conduct completely unrelated to the interests of the Board, which gives rise to her right to act on behalf of those institutions

F. That this Honorable Court award Ms. Williams money reasonably calculated to compensate him for all damages sustained as a result of the breaches of contract.

G. That this Honorable Court award prejudgment interest and costs;

DATED:

Respectfully submitted,

By: *[signature]*

One of Plaintiff's Attorneys

OF COUNSEL:
Elaine K.B. Siegel
Katherine J. Eder
Matthew A. Pavich
Elaine K.B. Siegel & Associates, P.C.
39 South LaSalle Street, Suite 617
Chicago, Illinois 60603
(312) 236-8088
Atty. No. 40875