UNITED STATES DISTRICT COURT FOR THE
NOTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| KATHLEEN WILLIAMS, | ) | |
| | ) | |
| Plaintiff, | ) | No. 07 C 6997 |
| | ) | |
| v. | ) | Judge Lindberg |
| | ) | |
| BOARD OF EDUCATION OF THE CITY OF | ) | Magistrate Schenkier |
| CHICAGO and CHRISTINE MUNNS, | ) | |
| INDIVIDUALLY AND AS AN AGENT OF | ) | |
| THE DEFENDANT BOARD | ) | |
| | ) | |
| Defendants. | ) | |

## DEFENDANT MUNNS' ANSWER TO COMPLAINT

Defendant, Christine Munns ("Munns") through her attorneys, General Counsel

Patrick J. Rocks and Assistant General Counsel Sunil Kumar, answers Kathleen

Williams' ("Plaintiff") Complaint as follows:

## PARTIES

1.    Plaintiff, KATHLEEN WILLIAMS ("Ms. Williams"), is a resident of the
Northern District of Illinois, holds a Type 04 elementary education teaching certificate
and is certified as a Special Education teacher by the State of Illinois. Ms. Williams had
been employed continuously by Defendant Board of Education of the City of Chicago
("BOARD") since January, 2003.

**ANSWER:**    Admit that information provided by Plaintiff to the Board indicates she

was a resident of the Northern District of Illinois, that Plaintiff was certified as a

special education teacher, and that she was first employed in January 2003. Munns is

without knowledge or information sufficient to form a belief regarding the current

status of Plaintiff's certificate.

2.    Defendant BOARD is a body politic and corporate, organized under the Illinois School Code, 108 [sic] ILCS 5/34-1 and located in the County of Cook, State of Illinois.

**ANSWER:    Admit.**

3.    Defendant CHRISTINE MUNNS ("Munns"), in her individual capacity, is an employee of the Board, has an office in and does business in Cook County, State of Illinois.

**ANSWER:    Admit that Munns is employed by the Board and that she conducts**

**business on behalf of the Board in her capacity as a school principal in Cook County,**

**Illinois.  The remaining allegations are denied.**

## JURISDICTION AND VENUE

4.    This is an action for damages seeking to enforce rights secured by Title VII of the Civil Rights Act of 1964, 42 U.S.C.S. Sec. 2000e *et seq*, by Section 1983 of the Civil Rights Act, 42 U.S.C § 1983 and by the 5th and 14th Amendments to the United States Constitution. Jurisdiction is conferred upon this Court by 28 U.S.C.S. §1331, §1343 and 42 U.S.C § 1983, Supplemental jurisdiction is conferred upon this Court by 28 U.S.C.S § 1367. Supplemental jurisdiction, over Count V, a state law claim for tortious interference with contract, is appropriate because the state law claims is [sic] based upon same nucleus of operative facts as Count I-IV and because exercise of pendent jurisdiction would further judicial economy and the ends of justice.

**ANSWER:    Munns admits that jurisdiction is as alleged, but denies any implication**

**that Plaintiff's claims are valid.**

5.    Venue is proper within this district and division pursuant to 28 U.S.C.S. 1391, in that the plaintiff resides, and the defendants reside, have offices and do business in the Northern District of Illinois, Eastern Division, in Cook County, Illinois; and the cause of action arose here.

**ANSWER:    Munns admits that venue is as alleged, but denies any implication that**

**Plaintiff's claims are valid.**

2

## FACTS

6.    Ms. Williams first began working for the Board, as a substitute teacher, at Sauganash Elementary School, which is operated by the Board, during the 2002 school year.

**ANSWER:    Denied, to the extent that Plaintiff is alleging that she became employed prior to 2003.  Plaintiff's employment with the Board began in January, 2003.**

7.    Ms. Williams was employed during the 2003 Spring Term, at Sauganash, as a Full-Time Substitute, working in the Special Education Department.  She possessed a Special Education certificate.

**ANSWER:    Admit.**

8.    Ms. Williams worked at Sauganash during the 2003-2004 Spring Semester, as a student teacher. She received an exemplary rating on her midterm evaluation. In this evaluation, Ms. Williams' supervisor, Ms. Abad, stated that Ms. Williams was a "dedicated and reliable student teacher." A true and correct copy of the evaluation is attached as Exhibit A.

**ANSWER:    Munns admits that Williams student-taught for fifteen weeks and was employed as a substitute teacher for the remainder of the school year.  Munns is without knowledge or information sufficient to form a belief as to the remaining allegations of paragraph 8.**

9.    Ms. Williams was hired at Sauganash as a full-time, third-grade teacher, for the 2004-2005 school year. She received a "Superior" rating from Ms. Christine Munns, her principal, on her 2004-2005 school year evaluation. In this evaluation, Ms. Munns wrote that Ms. Williams did an "Excellent job for first year teacher" and that she was "a pleasure to work with."  A true and correct copy of the evaluation is attached as Exhibit B.

**ANSWER:    Admit.**

10.    Ms. Williams was also employed at Sauganash, during the 2005-2006 school year, as a second-grade teacher.  She did not receive a copy of a formal evaluation that year, in contravention of the Illinois School Code, 105 ILCS 5/24A-8. A true and correct copy of the provision is attached as Exhibit C.

**ANSWER:    Munns admits that Williams was employed as alleged, but denies the**

**remaining allegations of paragraph 10.**

11.    In addition to her consistent "Superior" ratings on performance evaluations, Ms Williams far exceeded the expectations of her job by undertaking additional responsibilities, including but not limited to:

    a.  Working as an after-school remedial reading and math teacher;
    b.  Volunteering at Literacy Nights;
    c.  Attending Professional Development seminars; and
    d.  Drafting a letter to parents that explained the expectations for the ISAT.

**ANSWER:    Munns admits that Plaintiff undertook the enumerated duties but**

**denies that she "far exceeded" the legitimate business expectations of her employer,**

**or that Plaintiff was consistently rated as "Superior".**

12.    On or about February 23, 2006, Ms. Williams informed Ms. Munns that she would need a maternity leave in the upcoming fall, and that she was giving Ms. Munns advance notice so that Ms. Munns could find a substitute teacher until her planned return on October 10, 2006, approximately five weeks after the start of the school year.

**ANSWER:    Denied.**

13.    During the February 23, 2006 discussion, Ms. Munns stated that Ms. Williams would be able to take the entire year off and still have a job at Sauganash for the 2007-2008 school year. Ms. Munns also asked what Ms. Williams' husband did, and commented that his profession paid well. She also stated that Ms. Williams would not want to return to work so soon after having a baby.

**ANSWER:    Munns admits that during a discussion with Plaintiff after the non-**

**renewal recommendation in March 2006, she stated in response to Plaintiff's question**

**that Board employees may be entitled to take a year or more off from work. Munns**

**denies the remaining allegations of paragraph 13.**

14.    On best information and belief, no more than three weeks after the February 23, 2006 discussion, Ms. Munns decided not to renew Ms. Williams' contract.

**ANSWER:   Denied.**

15.    Shortly thereafter, Ms. Munns began to evaluate Ms. Williams. On or about March 22, 2006, Ms. Munns conducted a classroom observation and informal evaluation of Ms. Williams. On or about April 27, 2006, Ms. Munns reviewed the informal evaluation with Ms. Williams. The evaluation was very positive, with Ms. Munns praising Ms. Williams' classroom performance.

**ANSWER:   Munns admits that she observed Plaintiff's performance on March 22, 2006.   Munns admits that a conference was held in April 2006, but denies the remaining allegations of paragraph 15 because she noted and discussed weaknesses with Plaintiff.**

16.    On or about April 28, 2006, Ms. Munns conducted Ms. Williams' formal evaluation. Ms. Munns verbally rated Ms. Williams' performance as "Superior." In the classroom teacher visitation form, which Ms. Munns was required to fill out after having observed Ms. Williams, Ms. Munns reported that, out of thirty-three factors covering instruction, school environment and other classroom aspects, Ms. Williams was strong in thirty-one of the thirty-three.  In contravention of Chicago Public Schools procedure, Ms. Munns did not memorialize the verbal evaluation, or place it, in the Plaintiff's file. Instead, she placed a different evaluation in her file, which Ms. Williams neither saw nor signed. This purported evaluation, in which Ms. Williams was given a "No Rating," was false, pretextual and discriminatory. The evaluation was entered on May 24, 2006. A true and correct copy of the evaluation is attached as Exhibit D.

**ANSWER:   Munns denies any "formal evaluation" of Plaintiff took place on or about April 28, 2006, as that term is defined by the Board and Chicago Teachers Union.   Munns admits that she observed Plaintiff on said date,   noted the major weaknesses she observed, and completed a Teacher Evaluation Review on May 24, 2006, as was required.   Munns denies the remaining allegations of paragraph 16.**

17.    On or about the afternoon of April 28, 2006, Ms. Munns called Ms. Williams to a meeting in her office, during which Ms. Munns read a letter from the Board stating that Ms. Williams' contract would not be renewed for the upcoming school year. She refused to offer reasons for the decision. She stated, "Unfortunately,

you didn't tell me you were pregnant until February, and I put your dismissal in during the month of January."

**ANSWER:    Denied.**

18.    Ms. Munns' statement was false. On best information and belief, she had entered the dismissal in March, shortly after she had been informed about Ms. Williams' pregnancy. As a reason for the non "renewal", Ms. Munns wrote only "Deficiencies with Communication (Parent Conference Skills; Relations with Staff.)" The non-renewal letter was dated March 17, 2006, and the above-stated reason was filled in on a form. A true and correct copy of the non-renewal is attached as Exhibit E.

**ANSWER:    Munns admits that Exhibit "E" is a true copy of the non-renewal form,**

**admits that it contains a section entitled "Non-Renewal Reasons" which identifies**

**legitimate and accurate reasons, and that it was entered on March 17, 2006, but denies**

**the remaining allegations of paragraph 18.**

19.    On or about May 3, 2006, Ms. Munns falsely told Ms. Williams that the Board had prevented her from reversing the dismissal.

**ANSWER:    Denied.**

20.    On or about May 8, 2006, Ms. Munns falsely told Ms. Williams that she had entered the decision on February 17, 2006, contradicting her own, earlier, statement, that she had entered the decision in January.

**ANSWER:    Denied.**

21.    On best information and belief, at the time of the non-renewal decision, six other PATs were rehired and two, including Ms. Williams, were not.

**ANSWER:    Admit.**

22.    On best information and belief, the two PATs who were not renewed, were both pregnant. On best information and belief, Ms. Munns wanted to have male teachers at her school. Later, the other PAT who was not renewed, was reinstated because she had, in fact, achieved tenure when Ms. Munns attempted to not renew her contract.

**ANSWER:    Munns admits that one of the PATs was reinstated but denies the**

**remaining allegations of paragraph 22.**

## THE EEOC CHARGE, DOCTOR PRESCRIBED
## BED REST AND THE RESULTING RETALIATION

23.    On or about May 12, 2006, Ms. Williams filed a charge of discrimination
with the EEOC, a copy of which is attached as Exhibit E.

**ANSWER:    Munns admits that Plaintiff's Exhibit "F" [sic] purports to be such a**

**charge, but denies any implication of validity of Plaintiff's claims.**

24.    On or about May 12th, [sic] Ms. Williams became ill and informed Ms.
Munns that she would not be able to attend class that day.

**ANSWER:    Admit.**

25.    On May 17, 2006, on the advice of her doctor that she go on enforced bed
rest in order to ensure the continued viability of her pregnancy, Ms. Williams took the
medical leave to which she was contractually entitled.

**ANSWER:    Munns lacks sufficient knowledge or information to form a belief as to**

**the truth of the allegations in paragraph 25.**

26.    Soon thereafter, Ms. Williams began receiving harassing phone calls and
emails from Melissa Raich, the Sauganash assistant principal, who falsely accused Ms.
Williams of "missing grades", "missing book order forms" and "missing keys."

**ANSWER:    Munns admits that Raich contacted Plaintiff, but denies the remaining**

**allegations.**

27.    Although she was eligible to be rehired, Ms. Williams was replaced in her
position, by a non-pregnant teacher. Ms. Williams possessed a Type 04 elementary
education teaching Certificate and was also certified as a Special Education teacher. The
teacher who replaced her lacked the Special Education certification.

**ANSWER:    Munns admits that Plaintiff was eligible to apply for postings, for**

**which she was qualified, within the Chicago Public Schools.  Munns lacks sufficient**

knowledge or information to form a belief regarding whether Plaintiff applied for any position with the Board after her non-renewal.    Munns admits Plaintiff was not hired at Sauganash after her non-renewal.    Munns lacks knowledge or sufficient information to form a belief regarding whether the teacher who was assigned Plaintiff's former position was pregnant or not at the relevant time period.    Munns admits the allegations contained in the last two sentences in paragraph 24, stating further that a Special Education certification was not required for a general education classroom.

## INCONSISTENT STATEMENTS REGARDING MS. WILLIAMS' DISMISSAL

28.    On or about June 2, 2006, Ms. Williams filed a grievance with the Board, alleging that her dismissal was the result of intentional discrimination based upon her pregnancy.

**ANSWER:    Munns admits that a grievance was filed as alleged, but denies that**

**Plaintiff's claims were valid.**

29.    A first-level grievance hearing was held on June 12, 2006, during which Ms. Munns made false and contradictory statements as to when she had entered the decision to dismiss Ms. Williams.

**ANSWER:    Munns admits that a first level grievance conference was held but**

**denies the remaining allegations of paragraph 29.**

30.    After the hearing, Ms. Munns called Ms. Williams and her union representative into her office. Ms. Munns then admitted that she had actually entered the decision on March 14, 2006.  She additionally stated that she had made the decision based on Ms. Williams' medical leave. This latter statement was false.  Plaintiff's medical leave did not begin until May 17, 2006.

**ANSWER:    Denied.**

31.    During the March 14, 2006 meeting, Ms. Munns suddenly claimed, for the first time, that she had also based her decision on alleged performance deficiencies. Ms.

Munns' accusation of performance deficiencies was false, pretextual, discriminatory and retaliatory.

**ANSWER:    Denied.**

32.    On or about September 7, 2007, the EEOC issued a determination that the Defendants' failure to rehire Ms. Williams was based upon her sex and pregnancy.

**ANSWER:    Munns admits that the EEOC issued a determination but denies its relevance and denies the allegation that Plaintiff's claims are valid.**

33.    On September 19, 2007, Ms. Williams received her "Right to Sue" letter from the EEOC. In the letter, the EEOC informed Ms. Williams that it had found reasonable cause to believe that the Defendants had violated the statute with respect to some or all of the matters alleged in the charge. A true and correct copy of this letter is attached as Exhibit F.

**ANSWER:    Munns lacks sufficient knowledge or information to form a belief as to the truth of the allegation of the date that Plaintiff received such letter.  Munns admits that a right to sue letter is attached as Exhibit "G," not "F," but denies any relevance or implication of validity of any of Plaintiff's claims as set forth in any EEOC finding.**

<u>**COUNT I VIOLATION OF TITLE VII**</u>

**Munns makes no answer to Count I because it is directed only towards the Board.   To the extent, however, that Plaintiff incorporates the allegations of paragraphs 34 – 42 in subsequent counts directed towards Munns, she answers as follows:**

34.    Count I of this complaint is brought against the Board and arises under Title VII of the Civil Rights Act of 1964, 42 U.S.C. Sec. 2000e *et seq*. The Board and its agent, Ms. Munns, acted with malice and/or reckless indifference to Ms. Williams, resulting in a deprivation of her civil rights and in reputational injury and pain and suffering by Ms. Williams.

**ANSWER:   Munns admits that the allegations of Count I are directed towards the Board, but denies the remaining allegations of paragraph 34.**

35.     Shortly after Ms. Williams gave notice, as a courtesy, of her maternity leave, Ms. Munns decided not to renew her.

**ANSWER:   Denied.**

36.     The Defendant Board failed to rehire Ms. Williams to a permanent position.

**ANSWER:   Munns lacks information or knowledge sufficient to form a belief as to the truth of the allegations of paragraph 36, and as to whether Plaintiff applied for a permanent position at any Chicago Public School.**

37.     To obfuscate her discriminatory and unlawful motives for the dismissal, Ms. Munns has offered false and self-contradictory statements as to when and how she decided not to renew Ms. Williams' contract.

**ANSWER:   Denied.**

38.     Defendants' accusations of performance deficiencies were false. The criticisms of Plaintiff's admittedly superior performance were false, and are pretexts for discrimination.

**ANSWER:   Denied.**

39.     Defendants refused to rehire Ms. Williams, despite her repeated requests, despite her excellent credentials, including a Special Education certificate (a field with frequent vacancies) and despite repeated, and false, assurances by Ms. Munns that she would attempt to have Ms. Williams rehired.

**ANSWER:   Denied.**

40.     By depriving Ms. Williams of her rights to equal protection and treating non-pregnant teachers differently, the Defendant's violated the Plaintiff's rights under Title VII.

**ANSWER:   Denied.**

41.    The aforesaid acts and conduct are in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. Sec. 2000e *et seq.*

**ANSWER:    Denied.**

42.    There is no adequate remedy at law.

**ANSWER:    Denied.**

**COUNT II**
**TITLE VII RETALIATION**

**Munns makes no answer to Count II because it is directed only towards the Board.    To the extent, however, that Plaintiff incorporates the allegations of paragraphs 43 – 50 in subsequent counts directed towards Munns, she answers as follows:**

43.    Ms. Williams restates and re-alleges paragraphs 33-42 of Count I as though fully set forth herein.

**ANSWER:    Munns repeats and re-alleges her answers to paragraphs 33-42, as though fully set forth herein.**

44.    Title VII prohibits an employer from taking action against an employee because she has opposed any practice made unlawful under the Act, or because she has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing. U.S.C. Sec. 2000e-3(a).

**ANSWER:    Munns denies paragraph 44 as an incomplete statement of Title VII law.**

45.    On or about March 17, 2006, Ms. Munns surreptitiously placed a false evaluation in Ms. Williams' file, as a pretext for not renewing her employment.

**ANSWER:    Denied.**

46.    On or about May 12, 2006, Ms. Williams filed a charge of discrimination, EEOC Charge No. 440-2006-03980. She amended this charge on June 28, 2007. Due to Plaintiff's efforts to redress the unlawful discrimination and retaliation by filing her charge with the EEOC and by using the grievance process under the Collective

Bargaining Agreement of the Chicago Public Schools, the Board has failed to rehire Ms. Williams.

**ANSWER:    Munns admits Plaintiff's allegations contained in the first two sentences of paragraph 46, and that Plaintiff filed a grievance and an EEOC charge.    Munns denies that Plaintiff's claims are valid, and denies the remaining allegations of paragraph 46.**

47.    On or about June 1, 2006, Ms. Williams filed a first-level grievance with the Board, alleging, *inter alia*, unlawful discrimination due to her pregnancy. She appealed the initial decision on her grievance on June 20, 2006. The Board failed to address her concerns and, moreover, allowed Ms. Munns to retaliate against her in response.

**ANSWER:    Munns admits that Plaintiff filed a grievance and appeal as alleged, but denies any implication that its allegations were valid.    Munns denies the remaining allegations of paragraph 47.**

48.    The Defendant Board has failed and refused to rehire Ms. Williams, despite her excellent credentials, including her Special Education certificate.

**ANSWER:    Denied.**

49.    The aforesaid acts and conduct violate Title VII of the Civil Rights Act of 1964, 42 U.S.C. Sec. 2000e *et seq.*

**ANSWER:    Denied.**

50.    There is no adequate remedy at law.

**ANSWER:    Denied.**

**COUNT III**
**VIOLATION OF 42 U.S.C. SEC. 1983**
**(DEPRIVATION OF EQUAL PROTECTION)**

51.    Plaintiff repeats and re-alleges and incorporates by reference the allegations in paragraphs 1 through 50 above with the same force and effect as if herein set forth.

**ANSWER:    Munns repeats and re-alleges her answers to paragraphs 1-50 as if fully**

**set forth herein.**

52.     At all relevant times herein, Plaintiff had a right under the equal protection clauses of the state and federal constitutions not to be subjected to discriminatory conduct based upon her gender.

**ANSWER:    Munns admits to the existence of such a right, but denies any**

**implication of wrongdoing with respect to Plaintiff's claims.**

53.     At all times relevant herein, the defendants were state actors and their conduct was subject to 42 U.S.C. sec. 1983.

**ANSWER:    Admit.**

54.     On best information and belief, Defendants treated pregnant females less favorably than they treated males and non-pregnant females, by either not renewing their contracts or by replacing them with non-pregnant females and men.

**ANSWER:    Denied.**

55.     Defendants decided not to renew Ms. Williams' contract after she informed them of her pregnancy. They did not rehire her, despite her eligibility for rehiring, but instead hired a non-pregnant female who did not have the special education credentials that Ms. Williams possessed.

**ANSWER:    Munns denies the first sentence of paragraph 55.  Munns admits that**

**Plaintiff was not re-staffed at Sauganash School after being non-renewed.  Munns is**

**without information or knowledge sufficient to know whether Plaintiff applied for a**

**position at one of the approximately 600 other schools in the Chicago Public Schools**

**system.  Munns admits that a female was staffed at Sauganash the following year,**

**but denies any implication that the person hired was required to possess special**

**education credentials.  Munns is without knowledge or information sufficient to**

**know the pregnancy related status of the person who was staffed at Sauganash.**

13

56.     On best information and belief, the Defendants did not renew the contract of another pregnant, female probationary assigned teacher (PAT).

**ANSWER:   Denied.**

57.     On best information and belief, the Defendants renewed the contracts of all other, non-pregnant female PATs.

**ANSWER:   Munns is without information or knowledge sufficient to form a belief as to whether the PATs at issue were pregnant or non-pregnant.  Munns denies the allegation that she recommended renewal of all female PATs besides Plaintiff.**

58.     Ms. Munns revealed a stereotypic attitude toward female teachers, which unlawfully caused her to deprive Ms. Williams of equal employment opportunities in violation of the Constitution and laws of the United States. Upon learning that Ms. Williams was pregnant, she made false and discriminatory comments:
        a.     Ms. Munns stated, "You will not want to come back two weeks after you had your baby.";
        b.     Ms. Munns asked what Ms. Williams' husband did for a living and stated that people in his profession (Board of Trade) "do well."; and
        c.     She stated that Ms. Williams could take a year off and still have a job at Sauganash.

**ANSWER:   Denied as to the first sentence/paragraph and subsections "a." and "b." above.  Munns admits that she answered Plaintiff's question regarding the Board's policy on leaves of absence, but denies making any specific statements regarding Plaintiff's job at Sauganash during said conversation.**

59.     Ms. Williams had a right to be free from discrimination on the basis of her gender and her pregnancy.

**ANSWER:   Munns admits to the existence of such a right, but denies any implication of wrongdoing with respect to Plaintiff's claims.**

60.    By depriving Ms. Williams of her rights to equal protection and treating males and non-pregnant teachers differently, the Defendants violated her rights under Section 1983.

**ANSWER:    Denied.**

61.    Acting under the color of law, Defendants effected a denial of Plaintiff's rights, privileges, or immunities secured by the United States Constitution or by Federal law and guaranteed by the Fourth, Fifth, and Fourteenth Amendments to the Constitution of the United States.

**ANSWER:    Denied.**

62.    As a result of Defendants' concerted unlawful and malicious conduct, Plaintiff was both deprived of her rights to equal protection of all the laws and the due course of justice was impeded, in violation of the Fourth, Fifth, and Fourteenth Amendments of the Constitution of the United States and 42 U.S.C. sec. 1983.

**ANSWER:    Denied.**

63.    Plaintiff was harmed, has incurred considerable legal debt which would not otherwise have been incurred, and has shock and emotional scarring, all compensable as emotional distress, and other damages.

**ANSWER:    Denied.**

64.    There is no adequate remedy at law.

**ANSWER:    Denied.**

**COUNT IV**
**VIOLATION OF THE FAMILY AND**
**MEDICAL LEAVE ACT (29 U.S.C.S. 2601 _et seq._)**

65.    Plaintiff re-alleges and incorporates by reference the allegations in paragraphs 1 through 64 above with the same force and effect as if herein set forth.

**ANSWER:    Munns repeats and re-alleges her answers to paragraph 1-64 as though**

**fully set forth herein.**

66.    At all relevant times, the Plaintiff had a serious medical condition, as defined by the Act, in that she was undergoing continuing medical treatment for her high-risk pregnancy.

**ANSWER:    Munns lacks sufficient knowledge or information to form a belief as to**

**the truth of the allegations in paragraph 66.**

67.    Plaintiff gave Defendants appropriate notice of her need to be absent for work, having informed Ms. Munns on or about February 23, 2006, of her pregnancy and her planned maternity leave during the fall, 2006 semester until October 10, 2006.

**ANSWER:    Denied.**

68.    Ms. Munns admitted on June 12, 2006 that she had taken the actions herein at issue due to Ms. Williams' medical condition.

**ANSWER:    Denied.**

69.    Defendants interfered with Ms. Williams' right to unpaid leave when they terminated her employment.

**ANSWER:    Denied.**

### COUNT V
### TORTIOUS INTERFERENCE WITH CONTRACT

70.    Plaintiff re-alleges and incorporates, by reference, the allegations in paragraphs 1 through 69 above with the same force and effect as if herein set forth.

**ANSWER:    Munns repeats and re-alleges her answers to paragraphs 1-69 as though**

**fully set forth herein.**

71.    A valid and enforceable contract existed between Ms. Williams and the Board.

**ANSWER:    Munns admits that Plaintiff was employed by the Board.  Munns is**

**without knowledge or information sufficient to form a belief as to whether Plaintiff**

**and Board were signatories to a specific employment contract.**

72.    Upon best knowledge and belief, based upon her uniformly positive performance evaluations, Ms. Williams had a reasonable expectation of continuing the business relationship she had with the Defendant Board.

**ANSWER:    Denied.**

73.    As Principal of Sauganash Elementary and as Ms. Williams' supervisor, Ms. Munns knew of this reasonable expectation.

**ANSWER:    Denied.**

74.    Ms. Munns purposefully interfered with this prospective relationship when she decided no [sic] to renew Ms. Williams' employment at Sauganash.

**ANSWER:    Denied.**

75.    Ms. Munns deliberately violated the terms of the Collective Bargaining Agreement, and Board policy and the requirements of the School Code in one or more of the following ways:
  (a)    entered the discriminatory non-renewal;
  (b)    surreptitiously gave a false evaluation;
  (c)    repeatedly told falsehoods to Ms. Williams, specifically that she was helping Ms. Williams to be reinstated, when in truth she was working for her discharge; and
  (d)    failed to rehire Ms. Williams.

Through these actions, Ms. Munns abused the responsibilities invested in her by the Board and caused the Board to breach its responsibilities to Ms. Williams.

**ANSWER:    Denied as to every allegation of paragraph 75.**

76.    Ms. Munns undertook these actions solely to harm Ms. Williams and not to further the interests of the Board.

**ANSWER:    Denied.**

77.    On best information and belief with actual malice, Ms. Munns intentionally, unjustifiably and fraudulently induced the Board to breach its obligations to Ms. Williams, through wrongful actions including, but not limited to:

  a.    When Ms. Williams sought information on how she might achieve reinstatement, Ms. Munns resolved not to provide accurate

information, despite Ms. Williams' inquiries and the Board's
obligation to do so;

b.    Ms. Munns falsely told Ms. Williams that she (Munns) had
attempted to get the Board to reverse its decision on the non-
renewal, but that the Board had refused. This was not true; on best
information and belief Ms. Munns never made such a request;

c.    Ms. Munns placed a false and pretextual evaluation in Ms.
Williams' file which, in contravention of CPS policy, Ms. Williams
neither reviewed nor signed. She so acted so as to preclude Ms.
Williams from filing for arbitration as was her right. This
evaluation, in contrast to Ms. Munns' verbal statement, falsely and
deliberately stated that Ms. Williams had trouble interacting with
parents and staff.

**ANSWER:    Denied as to every allegation of paragraph 77.**

78.    With actual malice, Ms. Munns intentionally and unjustifiably induced the
Board to breach its obligation to Ms. Williams, acted in her own interests, out of a desire
to harm Ms. Williams, outside the scope of her agency relationship with the Board, and
contrary to the Board's interests.

**ANSWER:    Denied.**

79.    As a result of Ms. Munns' inducement, and in reliance on Ms. Munns'
deliberate, false, and malicious evaluation and non-renewal decision, the Board
breached its obligations to Ms. Williams.

**ANSWER:    Denied.**

80.    Defendant Ms. Munns acted with malice to overcome any existing
privilege to act on behalf of the Board, and to intentionally or wantonly and willfully
interfere with the Board's obligations to Ms. Williams.

**ANSWER:    Denied.**

81.    Ms. Munns engaged in conduct completely unrelated to the interests of
the Board, which gave rise to her rights to act on behalf of the Board.

**ANSWER:    Denied.**

82.    Ms. Williams suffered damages as a result of the breach.

**ANSWER:    Denied.**

WHEREFORE, Defendant Munns respectfully prays that this court dismiss Plaintiff's complaint at Plaintiff's cost and for such further relief as this court deems just.

## AFFIRMATIVE DEFENSES

### First Defense

Plaintiff's employment was not renewed for legitimate business reasons, which include complaints made by staff and parents about Plaintiff, and Plaintiff's reluctance in accepting suggestions for improvement made by Munns.

### Second Defense

Munns is qualifiedly immune from liability on Plaintiff's federal claims. As a government official, Munns performs discretionary functions. At all times material to the Complaint, a reasonable government official objectively viewing the facts and circumstances that Munns encountered would have believed her actions to be lawful and not in violation of any clearly established law.

### Third Defense

Munns was not a final decision maker regarding Plaintiff's employment with the Board and was not involved in any final decisions regarding non-renewal of teachers, beyond making her recommendation regarding staffing at Sauganash.

### Fourth Defense

Plaintiff's state law claim is time barred because she filed her Complaint more than one year from the date that her alleged injury was received or the cause of action accrued. 745 ILCS 10/8-101.

### Fifth Defense

Munns is absolutely immune from liability on Plaintiff's state law claim because her actions were performed during the course of and within the scope of her job duties. *Barr v. Mateo*, 360 U.S. 564, 572 (1959); *Geick v. Kay*, 236 Ill. App. 3d 868, 876 (2nd Dist. 1992).

### Sixth Defense

Munns, in her official capacity as school principal and Plaintiff's supervisor, recommended that Plaintiff's staffing at Sauganash not be renewed. The recommendation was made to further the legitimate interests of the Board. As a matter of law, therefore, Munns cannot be deemed to have interfered with Plaintiff's employment, and cannot be held liable on Plaintiff's tortious interference claim. *Fiumetto v. Garrett Enterprises*, Inc., 321 Ill. App. 3d 946, 957 (2nd Dist. 2001).

### Seventh Defense

Munns' recommendation was a discretionary and policy decision, as defined by 745 ILCS 10/2-201, that was made in the best interests of the Board - upon weighing the different interests at stake, including that of Plaintiff. Munns, therefore, is absolutely immune from liability on the state law claim pursuant to the Illinois Governmental and Governmental Employees Tort Immunity Act.

### Eighth Defense

To the extent that Plaintiff failed to seek and accept alternate employment since her non-renewal at Sauganash, she has failed to mitigate her damages.

## JURY DEMAND

### Christine Munns Requests a Trial by Jury

Respectfully submitted,
Patrick J. Rocks, General Counsel

By:    s/Sunil Kumar
        Sunil Kumar
        Assistant General Counsel
        Board of Education of the City
        of Chicago - Law Department
        125 South Clark Street, Suite 700
        Chicago, IL 60603
        (773) 553-1700

## CERTIFICATE OF SERVICE

I, Sunil Kumar, certify that I caused the attached **Defendant Munns' Answer to Complaint** to be served upon counsel of record *via* CM-ECF E-Filing pursuant to General Order on Electronic Case Filing, Section XI(C), on this 14th day of March, 2008.

s/ Sunil Kumar
Sunil Kumar
Assistant General Counsel
Board of Education of the City of Chicago
125 South Clark Street, Suite 700
Chicago, Illinois 60603
(773) 553-1700