IN THE UNITED STATES DISTRICT COURT FOR THE
NOTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| KATHLEEN WILLIAMS, | ) | |
| | ) | |
| Plaintiff, | ) | No.  07 C 6997 |
| | ) | |
| v. | ) | Judge Lindberg |
| | ) | |
| BOARD OF EDUCATION OF THE CITY OF CHICAGO and CHRISTINE MUNNS, INDIVIDUALLY AND AS AN AGENT OF DEFENDANT BOARD | ) | Magistrate Schenkier |
| | ) | |
| Defendants. | ) | |

## AGREED PROTECTIVE ORDER

This matter coming before the court on the Defendants' Motion for Entry of Protective Order, the parties having agreed in part through their respective counsel and the court having found good cause for the issuance of a protective order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, it is hereby ordered that:

1. This Order protects all confidential material, as defined herein, contained in documents and records, including all copies, excerpts or notes thereof, which may be produced pursuant to any pending or future discovery requests.

2. "Confidential material" shall include: (i) all documents containing information regarding the social security numbers, medical information, dates of birth, addresses, phone numbers, and discipline of current and former Board employees, or other records covered by 820 ILCS 40/7, the Personnel Record Review Act ; and (ii) any and all information protected by the Illinois School Student Records Act, 105 ILCS 10/1 *et seq.*, including, but not limited to, school documents or recorded information

concerning any current or former student of the Chicago Public Schools, and information by which a student may be individually identified.

    3.    The confidential material described above, and the information contained therein, shall not be disclosed in any manner except to: (i) the court; (ii) the named parties; (iii) attorneys of record in this action, or other attorneys designated by attorneys of record to work on this case and their staff (counsel for the parties have represented and are bound by such representation that they have the authority to and hereby do bind their staff members to these confidentiality clauses in this Protective Order); (iv) consultants and experts assisting attorneys of record in this litigation for the purpose of assisting in the preparation of this litigation for trial; (v) stenographers or court reporters in connection with the recording of sworn deposition and/or trial testimony; and (vi) any other person agreed to by the parties in writing or as provided by court order upon application of either party.

    3(a)    Nothing in this order affects Board employees who are responsible for maintaining such documents and/or records in the ordinary course of the Board of Education's business regarding business activities outside of the issues raised in Plaintiff's complaint.

    3(b)    Nothing in this order prevents or precludes a party from redacting any confidential material not relevant to the issues or parties to this case prior to the production of such material to the other party. Any party making any such redactions shall produce a redaction log to the other party.

    3(c)    This order also pertains to documents or materials identified in

paragraph 2 above, which are already in Plaintiff's possession.

4.  Before disclosing confidential material to any person in section (vi) of paragraph 3 above, counsel for the party tendering such material shall first receive from the intended recipient(s) a written and signed declaration that he or she received a copy of this Order and agrees to abide by its terms. A copy of the declaration shall be served upon opposing counsels at least five (5) business days before disclosure or delivery of confidential material to the intended recipient(s). Nothing in this order prevents defendants from issuing subpoenas and obtaining medical records from Plaintiff's treaters and other third parties.

5.  In the event that anyone wishes to prohibit access of confidential material to an intended recipient as set out in paragraph four above, that party shall serve opposing counsel with a motion to prohibit access to the specific information or documents identified within five (5) business days of receiving notice of the intended production. Opposing counsel shall not disclose any of the subject confidential materials to the intended recipient until the court rules on the motion.

6.  Nothing in this Order prevents or precludes either party from attempting to introduce any confidential material into evidence at trial.

7.  The confidential material will be used by the Plaintiff solely for her present lawsuit, No. 07 C 6997, and will not be used for any other purpose including, but not limited to, commercial, legal or personal use.

8.  If any confidential materials or any papers with documents attached which contain such confidential material (or include or contain information subject to this Order) are filed in this case, whether with the clerk of the court or in chambers, as

3

part of a motion, brief or other pleading, all confidential material contained in such papers (as set forth in paragraph 2, above) shall be redacted prior to the filing of such papers. However, if any identified confidential material is necessary or relevant for the court's determination, thereby requiring disclosure to the court, then the documents shall be filed with the clerk of the court and submitted to this court in chambers, in sealed envelopes. The sealed envelope shall be accompanied by a cover sheet which shall include the following:

    a.    the caption of the case, including the case number;
    b.    the title "Restricted Document Pursuant to LR26.2;"
    c.    a statement indicating that the document is filed as restricted in accordance with an order of court and the date of that order; and
    d.    the signature of the attorney of record or unrepresented party filing the document.

The clerk of the court is hereby directed to file and store the above documents in the tendered sealed envelope marked "Restricted Document pursuant to LR 26.2" so as to safeguard their confidential nature, and make those materials available only as authorized by the court.

    9.    Upon final termination of the above-entitled action, whether by settlement, dismissal or other disposition, the provisions hereof relating to the confidential material shall continue to be binding upon any attorneys of record, their employees, the parties herein, their officers and employees, deposition witnesses, experts, consultants and others, as agreed upon by the parties.

    10.    Any party may on written motion request that one or more of the restricted documents be turned over to that party. This motion must be filed within sixty-three (63) days following the closing of the case and either: (i) the expiration of the

time to file a notice of appeal, if no appeal is on file; or (ii) if an appeal is on file, the filing of the mandate or final order from the court of appeals, if the case is not reopened as a result of the terms of the mandate or order. Such confidential materials not removed within 63 days thereafter will no longer be under seal.

11. Within forty-five (45) days of the conclusion of this lawsuit, whether by jury verdict, court order, settlement or by any other means, the confidential material produced by any party and all copies of confidential material made by counsel, except those filed with the clerk of the court, shall be returned to counsel who produced the material.

12. Nothing in this Protective Order shall be deemed a waiver of any party's right to object to the discovery requests on any proper grounds or any prior objections to discovery requests, or to seek protection of any other documents during the course of these proceedings.

13. This Court retains the authority to potentially re-designate any confidential material as a public document upon application to the Court and upon a showing of good cause as provided by Rule 26(c) of the Federal Rules of Civil Procedure.

**ENTERED:**

_____
The Honorable George W. Lindberg
United States District Court for
The Northern District of Illinois

Date:   July 31, 2008