IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| KATHLEEN WILLIAMS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | 07 C 6997 |
| v. | ) | |
| | ) | Judge George W. Lindberg |
| BOARD OF EDUCATION OF THE CITY | ) | |
| OF CHICAGO and CHRISTINE MUNNS, | ) | |
| INDIVIDUALLY AND AS AN AGENT OF | ) | |
| THE DEFENDANT BOARD, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Kathleen Williams' complaint alleges claims of pregnancy discrimination, retaliation, violations of equal protection and the Family and Medical Leave Act ("FMLA"), and a state law claim of tortious interference with a contract. Before the Court is defendants' motion for summary judgment. For the reasons stated below, the motion is granted in part and denied in part.

**I.     Motions to Strike**

As an initial matter, the Court examines the parties' motions to strike. Defendants have moved to strike portions of plaintiff's statement of additional facts, on the basis that these facts are argumentative, immaterial, and overly long. The Court agrees that many of plaintiff's facts are not "short numbered paragraphs," as required by Local Rule 56.1(b)(3)(C); indeed, a number of plaintiff's paragraphs extend over a page in length. However, the Court does not rely on any of the excessively lengthy facts in ruling on defendants' motion for summary judgment, and therefore defendants' motion to strike these facts is denied as moot.

Defendants also move to strike plaintiff's amended affidavit, on the basis that it attempts to contradict matters about which plaintiff testified in her deposition. However, defendants do not identify the portions of plaintiff's 63-paragraph affidavit or her deposition to which they refer. Accordingly, defendants' motion to strike plaintiff's affidavit is denied.

Plaintiff has moved to strike portions of defendants' statement of facts, citing certain evidentiary objections. With the exception of paragraph 43, the Court did not rely on any of the paragraphs plaintiff moves to strike. The Court overrules plaintiff's objections to paragraph 43. Plaintiff's motion to strike is denied.

## II. Factual Background

Unless otherwise noted, the following facts are undisputed. Plaintiff was hired as a probationary appointed teacher at Sauganash Elementary School ("Sauganash") in Chicago for the 2004-2005 school year. Sauganash is part of the Chicago Public School system, and is administered by defendant Board of Education ("Board"). Defendant Munns is Sauganash's principal.

According to plaintiff, on February 23, 2006, she advised Munns that she was pregnant. According to defendants, plaintiff advised Munns of the pregnancy on March 20, 2006.

On March 17, 2006, Munns entered a decision into the Board's central database that plaintiff's employment was not going to be renewed for the 2006-2007 school year. On the non-renewal form, Munns identified "DEFICIENCIES WITH COMMUNICATION (PARENT CONFERENCE SKILLS; RELATIONS WITH STAFF)" as the reason for plaintiff's non-renewal. The Board approved this decision on April 26, 2006. Pursuant to the Board's directive that the non-renewal status of probationary teachers be kept confidential, Munns did not inform

plaintiff of the decision until April 28, 2006. According to defendants, they made their decision not to renew plaintiff's employment in early January 2006.

On May 16, 2006, plaintiff was placed on bed rest for the remainder of her pregnancy. She requested and received a medical leave from her employment.

**III.    Analysis**

Summary judgment shall be granted "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The Court must draw all reasonable inferences in favor of the nonmoving party. Reeves v. Sanderson Plumbing Prods., Inc., 530 U.S. 133, 150 (2000). The moving party bears the initial burden of demonstrating that no material issue exists for trial. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Once the moving party has properly supported its motion, the nonmoving party must offer specific facts demonstrating that a material dispute exists, and must present more than a scintilla of evidence to support its position. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 251-52 (1986).

**A.    Title VII Pregnancy Discrimination (Count I)**

Plaintiff agrees that summary judgment should be granted as to her claims against Munns under Title VII in Counts I and II. Accordingly, the Court addresses plaintiff's Title VII discrimination and retaliation claims against the Board only.

Title VII prohibits employers from discriminating against employees based on pregnancy. 42 U.S.C. §§ 2000e-2(a) & 2000e(k). As with other Title VII claims, a plaintiff may show pregnancy discrimination through either the direct or indirect method. Griffin v. Sisters of St.

3

Francis, Inc., 489 F.3d 838, 844 (7th Cir. 2007). Plaintiff attempts to meet her burden through both methods.

Under the direct method, plaintiff must show, either through direct or circumstantial evidence, that defendants' decision not to renew her employment was motivated by her pregnancy. Maldonado v. U.S. Bank, 186 F.3d 759, 763 (7th Cir. 1999). Direct evidence is evidence which, "if believed by the trier of fact, will prove the particular fact in question without reliance upon inference or presumption." Hunt-Golliday v. Metro. Water Reclamation Dist. of Greater Chicago, 104 F.3d 1004, 1010 (7th Cir. 1997). Circumstantial evidence of discrimination may include suspicious timing, ambiguous statements, behavior toward or comments directed at other members of the protected group, and "other bits and pieces from which an inference of discriminatory intent might be drawn." Venturelli v. ARC Community Servs., Inc., 350 F.3d 592, 601 (7th Cir. 2003) (quoting Troupe v. May Dep't Stores Co., 20 F.3d 734, 736 (7th Cir. 1994)). Circumstantial evidence also may include evidence that the plaintiff was replaced by a person not in the protected group, and that the employer's stated reason for the difference in treatment is unworthy of belief. See Phelan v. Cook County, 463 F.3d 773, 781 (7th Cir. 2006).

Plaintiff offers no direct evidence of discrimination, such as statements showing an improper motivation. Instead, plaintiff attempts to meet her burden under the direct method through circumstantial evidence. First, plaintiff offers evidence that Munns decided not to renew her employment shortly after plaintiff advised Munns of her pregnancy. According to plaintiff, she informed Munns of her pregnancy on February 23, 2006, and Munns entered the non-renewal decision into the Board's database less than one month later, on March 17, 2006. Plaintiff's contention that she informed Munns of the pregnancy before March 17, 2006 is supported by

4

undisputed evidence that on March 13, 2006, plaintiff contacted the Board's human resources department to discuss her maternity leave, an action she was unlikely to have taken before she informed her supervisor of her pregnancy.

In addition, plaintiff offers evidence that she was replaced by a probationary teacher who was not pregnant. Plaintiff argues that her replacement was less qualified than she was, because the replacement teacher lacked the special education certificate that plaintiff had.

Plaintiff also contends that after Munns decided not to renew plaintiff's employment, Munns fraudulently manufactured a purported December 2005 negative classroom evaluation of plaintiff. According to defendants, Munns conducted an observation of plaintiff's classroom on December 15, 2005. Plaintiff denies that any classroom observation took place on that date.

Finally, plaintiff offers evidence that Munns' position as to when she learned of plaintiff's pregnancy has shifted over time. Initially, in a sworn affidavit submitted to the EEOC, Munns stated that she learned of the pregnancy on April 20, 2006. However, after a March 20, 2006 e-mail from plaintiff to Munns surfaced, in which plaintiff discussed a prenatal appointment, Munns stated that she actually learned of the pregnancy earlier in that same day.

Defendants contend that all of these dates are irrelevant, because Munns made her decision not to renew plaintiff's employment in January 2006, when no one was aware of plaintiff's pregnancy.[1] The Court finds that an issue of fact exists as to when Munns made her decision, however. The only evidence defendants offer on this point is Munns' and her assistant

---

[1] Plaintiff suggests that Munns could have known she was pregnant in December 2005 (when she was one month pregnant), because plaintiff looked tired, stopped wearing makeup and styling her hair, began to gain weight, had an increased bust size, and declined medication other than Tylenol. This is speculative, however, and the Court disregards it.

principal's testimony that they discussed it.  There is no written documentation of their discussion, and the decision was not entered into the Board's database until March 17, 2006. Although Munns contends that she discussed the possibility of not renewing plaintiff's employment with Munns' supervisor in January 2006, the supervisor testified that she does not recall such a conversation.  Moreover, Munns' credibility is called into question by her changing positions as to the date she learned of plaintiff's pregnancy.

Viewing the facts in the light most favorable to plaintiff, as it must at this stage, the Court finds that plaintiff has satisfied her burden under the direct method.  Plaintiff has offered evidence of suspicious timing, that Munns prevaricated about the date when she learned of plaintiff's pregnancy, that Munns manufactured an unfavorable evaluation of plaintiff's job performance, and that she was replaced by a less qualified teacher who was not pregnant.  Taken together, these facts could support an inference of Munns' discriminatory intent.  Defendants' motion for summary judgment is denied as to plaintiff's Title VII discrimination claim against the Board.

### B.      Title VII Retaliation (Count II)

Defendants urge the Court to grant summary judgment in their favor as to plaintiff's Title VII retaliation claim, on the basis that their decision not to renew plaintiff's employment preceded plaintiff's protected activity, and thus could not have been taken in retaliation for that activity.  Plaintiff filed a discrimination charge with the EEOC on May 12, 2006, and it is undisputed that Munns decided not to renew plaintiff's employment by March 17, 2006, when she entered her decision into the Board's database.  The Court agrees that the non-renewal of plaintiff's employment cannot support a retaliation claim.  See Durkin v. City of Chicago, 341

F.3d 606, 614-15 (7th Cir. 2003) ("It is axiomatic that a plaintiff engage in statutorily protected activity before an employer can retaliate against her for engaging in statutorily protected activity.").

However, plaintiff also contends that Munns retaliated against her by placing a negative evaluation in plaintiff's personnel file on May 24, 2006. To survive summary judgment on her retaliation claim, plaintiff must show that she was subjected to an adverse action. See Pantoja v. American NTN Bearing Mfg. Corp., 495 F.3d 840, 848 (7th Cir. 2007). An adverse action is one that would be "materially adverse to a reasonable employee," that is, an action that would "dissuade [] a reasonable worker from making or supporting a charge of discrimination. Id. at 849 (quoting Burlington N. & Santa Fe Ry. v. White, 548 U.S. 53, 60 (2006)). A negative performance evaluation, without more, does not rise to the level of an adverse employment action. Grube v. Lau Indus., Inc., 257 F.3d 723, 729 (7th Cir. 2001). The Court grants defendants' motion for summary judgment as to plaintiff's retaliation claim.

### C. Section 1983 – Equal Protection (Count III)

Defendant Board argues that it is entitled to summary judgment as to plaintiff's section 1983 claim, because Munns – the person who made the decision not to renew plaintiff's employment -- does not have final policymaking authority. The Board can be held liable under section 1983 only if plaintiff's injury was the result of a municipal policy or custom. See Cornfield ex rel. Lewis v. Consol. High Sch. Dist. No. 230, 991 F.2d 1316, 1324 (7th Cir. 1993). This standard is satisfied if, as plaintiff contends, the allegedly discriminatory action was committed by a person with final policymaking authority. See Calhoun v. Ramsey, 408 F.3d 375, 379 (7th Cir. 2005).

Whether a municipal official has final policymaking authority is a question of state law. Horwitz v. Bd. of Educ., 260 F.3d 602, 619 (7th Cir. 2001). Illinois law requires school principals to submit personnel recommendations to the superintendent, who then makes personnel recommendations to the Board. See 105 ILCS 5/10-21.4; 105 ILCS 5/10-21.4a; Duda v. Bd. of Educ., 133 F.3d 1054, 1061 (7th Cir. 1998). "The right to employ, discharge, and layoff shall be vested solely with the board." 105 ILCS 5/34-8.1. "Nothing in the School Code allows [the Court] to infer that a . . . principal has been delegated policymaking authority with respect to personnel decisions." Duda, 133 F.3d at 1061. Therefore, in this case, the Board had final policymaking authority with regard to employment decisions.

Plaintiff argues that even if Munns did not have final policymaking authority, the Board is nevertheless liable for Munns' actions under section 1983 because it ratified her decision. The Court disagrees. Plaintiff has offered no evidence that the Board approved the non-renewal of her employment based on discriminatory reasons, as is required to show such ratification. See City of St. Louis v. Praprotnik, 485 U.S. 112, 127 (1988) (stating that authorized policymakers' ratification of a subordinate's decision is chargeable to the municipality if the policymakers approve the subordinate's decision, *"and the basis for it."*). This requirement is consistent with the Supreme Court's rejection of *respondeat superior* municipal liability in Monell v. Dep't of Social Servs., 436 U.S. 658, 694 (1978). The motion for summary judgment is granted as to plaintiff's section 1983 claim against the Board.

The Court next examines plaintiff's section 1983 claim against Munns in her individual capacity. Munns argues that she is entitled to qualified immunity because she was not aware of plaintiff's pregnancy when she decided not to renew plaintiff's employment, and because her

8

decision was objectively reasonable based on complaints she had received about plaintiff. Qualified immunity protects government officials from liability if their actions did not violate "clearly established statutory or constitutional rights of which a reasonable person would have known." Villo v. Eyre, 547 F.3d 707, 709 (7th Cir. 2008). As discussed above, taking the facts in the light most favorable to plaintiff, questions of fact exist as to when Munns became aware of plaintiff's pregnancy, and whether her decision not to renew plaintiff's employment was based on the pregnancy. The Court denies summary judgment on the ground of qualified immunity.

"The same standards for proving intentional discrimination apply to Title VII and § 1983 equal protection claims." Benders v. Bellows & Bellows, 515 F.3d 757, 768 n.7 (7th Cir. 2008). Therefore, for the same reasons that the Court denies the motion for summary judgment as to plaintiff's Title VII discrimination claim, the Court denies the motion as to the section 1983 claim against Munns.

### D.     FMLA (Count IV)

Defendants argue that they are entitled to summary judgment as to plaintiff's FMLA claim because plaintiff cannot show a causal link between her leave request and the non-renewal of her employment. The Court agrees. Plaintiff requested leave under the FMLA on either May 16 or May 17, 2006. It is undisputed that Munns made her decision not to renew plaintiff's employment at least by March 17, 2006, when the decision was entered into the Board's database. In addition, the Board approved the decision on April 26, 2006, and plaintiff was advised of the decision on April 28, 2006. Since defendants made their decision not to renew plaintiff's employment before she made her FMLA request, she cannot establish an FMLA claim under a retaliation theory. See Horwitz Burnett v. LFW Inc., 472 F.3d 471, 481-82 (7th Cir.

2006); Lewis v. Sch. Dist. #70, 523 F.3d 730, 741 (7th Cir. 2008) (to prevail on an FMLA retaliation claim, the employee must establish a causal link between the leave request and the adverse action, or show that after taking FMLA leave, she was treated less favorably than similarly situated employees who did not take leave).

Nor can plaintiff establish an FMLA claim under an interference theory, since defendants granted plaintiff's request for FMLA leave. See Horwitz Burnett, 472 F.3d at 477 (to prevail on an FMLA interference claim, the employee must establish that her employer denied her FMLA benefits to which she was entitled). Defendants' motion for summary judgment is granted as to plaintiff's FMLA claim.[2]

### E. Tortious Interference with Contract (Count V)

In Count V, plaintiff claims that Munns tortiously interfered with plaintiff's employment contract by improperly inducing the Board to not renew plaintiff's employment. Defendants argue that summary judgment is appropriate as to this claim because Munns is immune from liability under the Illinois Local Governmental and Governmental Employees Tort Immunity Act ("Tort Immunity Act"). The Tort Immunity Act provides that:

> a public employee serving in a position involving the determination of policy or the exercise of discretion is not liable for an injury resulting from his act or omission in determining policy when acting in the exercise of such discretion even though abused.

745 ILCS 10/2-201. To be entitled to immunity under section 2-201, the public employee's conduct must be both an exercise of discretion and a policy determination. See Harinek v. 161 N. Clark St. Ltd. P'ship, 692 N.E.2d 1177, 1182 (Ill. 1998). The public entity bears the burden

---

[2] In light of this decision, the Court need not reach the question of whether a public employee such as Munns may be individually liable under the FMLA.

of establishing immunity under the Tort Immunity Act. Van Meter v. Darien Park Dist., 799 N.E.2d 273, 280 (Ill. 2003).

A discretionary act is one that is unique to a particular public office, and involves "the making of a decision about whether or how to perform a particular act following the exercise of personal deliberation and judgment." See Snyder v. Curran Township, 657 N.E.2d 988, 993 (Ill. 1995); Wrobel v. City of Chicago, 742 N.E.2d 401, 406 (Ill. App. Ct. 2000). A ministerial act, by contrast, is "performed in a prescribed manner, in obedience to the mandate of legal authority, and without reference to the official's discretion as to the propriety of the act." Id. Policy decisions require the public entity or employee to "balance competing interests and to make a judgment call as to what solutions will best serve each of those interests." Harrison v. Hardin County Community Unit Sch. Dist. No. 1, 758 N.E.2d 848, 852 (Ill. 2001).

Plaintiff does not directly respond to defendants' argument that Munns is immune from liability under the Tort Immunity Act, but rather argues that summary judgment should not be entered as to her tortious interference claim because Munns acted maliciously. However, section 2-201 does not provide an exception for malicious conduct. Village of Bloomingdale v. CDG Enters., Inc., 752 N.E.2d 1090, 1098, 1101 (Ill. 2001).

The Court finds that defendants have established that Munns is entitled to immunity under section 2-201. As Sauganash's principal, Munns was authorized to make personnel recommendations to the Board. See 105 ILCS 5/34-8.1. Her decision to recommend the termination of an employee's employment is an inherently discretionary one. See Hanania v. Loren-Maltese, 319 F. Supp. 2d 814, 836 (N.D. Ill. 2004); Ellis v. City of Chicago, 272 F. Supp. 2d 729, 736 (N.D. Ill. 2003). Moreover, in making her decision, Munns was required to balance

11

competing interests and make a judgment call. Since Munns' position involved making policy or discretionary decisions, and her decision not to renew plaintiff's employment was a discretionary and policy making decision, she is immune from liability as to plaintiff's tortious interference claim. Defendants' motion for summary judgment as to Count V is granted.

**ORDERED:** Defendants' motion to strike plaintiff's statement of additional facts and amended affidavit [68] is denied. Plaintiff's motion to strike paragraphs 14-16, 20, 21, 24, 32 and 43 of defendants' Local Rule 56(a) statement of uncontested facts [69] is denied. Defendants' motion for summary judgment [51] is granted in part and denied in part. The motion is granted as to Counts II, IV, and V. In addition, the motion is granted as to Count I against Munns and Count III against the Board. The motion is denied as to Count I against the Board, and Count III against Munns.

ENTER:

George W. Lindberg
Senior U.S. District Judge

DATED:     January 21, 2009